UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
PLAMAR NAVIGATION LTD.,

        Plaintiff,    :    09-cv-5447 (SHS)

      -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA
(HONG KONG) SHIPPING AND TRADING CO., LTD.,    :    **DECLARATION OF**
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,    :    **YANG GUOXIAN**    ]
HANGZHOU HEAVY STEEL PIPE CO. LTD.,
HENGYANG STEEL TUBE GROUP INT'L TRADING INC.,
HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG
STEEL CO. LTD.,
JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD.,
JIANGSU LIHUI IRON AND STEEL CO., LTD.,
JIANGSU PROS.A INT'L CO. LTD.,
JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD.,
KUGLER HAAS,
LALANI STEEL INC.,
FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD.,
FASTEN GROUP IMP. AND EXP. CO. LTD.,
SUZHOU HUASHENG IMP. AND EXP. CO., LTD.,
SUZHOU SEAMLESS STEEL TUBE WORKS,
VICTORY LOGISTICS INT'L CO., LTD.,
WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO.
LTD.,
WUXI TIAN LIANG FOREIGN TRADE CO. LTD.,
XIGANG SEAMLESS STEEL TUBE CO. LTD.,
XINYU IRON AND STEEL CORP. LTD.,
YANGZHOU LONGCHUAN STEEL TUBE CO., LTD.,    X
YIEH CORPORATION LTD. and
YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,

        Defendants.
------------------------------------------------------------------------



I, YANG GUOXIAN, make the following Declaration, pursuant to 28 U.S.C. § 1746:

    1.    I am the Deputy General Manager of Shanghai Fareast Int'l Shipping Co., Ltd.

("Shanghai Fareast"), the shipping agent of two of the Defendants in this action. Shanghai

Fareast was fully responsible for arranging for the following companies' shipment of cargo aboard the M/V Temira in 2007 (the "Shipments"): (1) Hubei Xin Yegang Co., Ltd. a/k/a Hubei Xin Yegang Steel Co., Ltd. ("Hubei"), and (2) Yieh Corporation Ltd ("Yieh", together with Hubei, the "Shippers"). I make this declaration based on my personal knowledge of the matters described herein.

2.     I read, write, and understand English sufficiently to make this declaration in English.

3.     In keeping with our normal practice and, I believe, the normal practice of shipping agents generally, Shanghai Fareast, requested and received periodic updates regarding the movement of the M/V Temira and the condition of the Shippers' cargo on board, from the point the shippers delivered the cargo to us at Changshu Harbor until the vessel arrived at Ravenna Harbor and the cargo was unloaded. We reported any unusual events to the Shippers.

4.     It has always been the case, in my experience, that when the vessel owner detains or places a lien on the cargo at the port of discharge, for any reason, it notifies the shipping agent, which then reports such detention or lien to the shippers. In this case, we were never notified that the vessel owner, Plamar Navigation Ltd. ("Plamar"), had detained or placed a lien on the Shippers' cargo. I believe this is because Plamar never detained or placed a lien on such cargo.

5.     I have reviewed the fixture note attached as Exhibit B to the Declaration of Zhou Yuhua and as Exhibit B to the Declaration of Deng Gang. This fixture note came from Shanghai Fareast's file and was entered into in connection with the Shipments. We provided copies of this fixture note to the Shippers, at their request, after questions had arisen regarding delays in unloading the cargo at Ravenna. To the best of my knowledge, and in keeping with our ordinary



practice, we did not provide this fixture note to the Shippers at or before the time we delivered the bills of lading to them.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 8, 2009





3