UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,                                                    :
                                                                           :
        Plaintiff,                 :  09-cv-5447 (SHS)
                                                                           :
   -against-                                                  :
                                                                           :
                                                                           :  **DECLARATION OF**
TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA                         :  **LU XUJIE**
(HONG KONG) SHIPPING AND TRADING CO., LTD.,                                :
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,                                     :
HANGZHOU HEAVY STEEL PIPE CO. LTD.,                                        :
HENGYANG STEEL TUBE GROUP INT'L TRADING INC.,                              :
HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG                          :
STEEL CO. LTD.,                                                            :
JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD.,                          :
JIANGSU LIHUI IRON AND STEEL CO., LTD.,                                    :
JIANGSU PROS.A INT'L CO. LTD.,                                             :
JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD.,                          :
KUGLER HAAS,                                                               :
LALANI STEEL INC.,                                                         :
FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD.,                              :
FASTEN GROUP IMP. AND EXP. CO. LTD.,                                       :
SUZHOU HUASHENG IMP. AND EXP. CO., LTD.,                                   :
SUZHOU SEAMLESS STEEL TUBE WORKS,                                          :
VICTORY LOGISTICS INT'L CO., LTD.,                                         :
WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO.,                         :
LTD.,                                                                      :
WUXI TIAN LIANG FOREIGN TRADE CO. LTD.,                                    :
XIGANG SEAMLESS STEEL TUBE CO. LTD.,                                       :
XINYU IRON AND STEEL CORP. LTD.,                                           :
YANGZHOU LONGCHUAN STEEL TUBE CO., LTD.,                                   X
YIEH CORPORATION LTD. and
YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,

        Defendants.
--------------------------------------------------------------------------

I, LU XUJIE, make the following Declaration, pursuant to 28 U.S.C. § 1746:

## INTRODUCTION

1. I was one of the salesmen in the Sales Department of Cosco Logistics (Suzhou) Co., Ltd. ("Cosco"), the shipping agent of one of the Defendants, Suzhou Seamless Steel Tube Works ("Suzhou Seamless"), in this action. Cosco was fully responsible for arranging Suzhou Seamless' shipment of cargos aboard the M/V Temira in 2007. From May 2004 to June 2009, Cosco's business was bad due to ineffective business management. In June 2009, Cosco ceased its business operations.. I left this company in March 2008. I make this declaration based on my personal knowledge of the matters described herein.

## SHIPMENT OF GOODS ABOARD M/V TEMIRA

2. Suzhou Seamless had a long term agency relationship with Cosco. Suzhou Seamless contacted Cosco to arrange the shipment of goods on M/V Temira. Cosco, functioning as an intermediary, further contacted Changshu Tongsheng International Shipping Agency Co., Ltd. ("Tongsheng") for applying for customs, and Shanghai Fareast International Shipping Co., Ltd. ("Shanghai Fareast") for, including but not limited to, (*a*) identifying a merchant vessel that was sailing to Italy during an acceptable time frame, and (*b*) arranging terms of shipment, as subcharterer of the vessel, with either other subcharterer, the charterer, or the vessel owner, as the case might be.

3. As per our usual arrangements, Cosco entered into a booking note and a fixture note with Tongsheng and Shanghai Fareast respectively. After that, according to our experience, Shanghai Fareast either directly, or with another shipping agency, contacted Shengjia (Hong Kong) Shipping and Trading Co., Ltd. ("Shengjia (Hong Kong)" a/k/a Tianjin Shengjia) for the shipment of Suzhou Seamless's goods on M/V Temira. According to normal custom, Shanghai Fareast or the other shipping agency would have entered into a fixture note with Tianjin Shengjia.

4.  On Oct 18, 2007, Jiangsu Changshu Marine Shipping Agency Co., Ltd. ("Changshu Agency") issued to Cosco five bills of lading, each for a discrete portion of Suzhou Seamless's cargos (the "Bill of Lading"). Cosco then presented the Bill of Lading to Suzhou Seamless. At the time Cosco received the Bill of Lading, Cosco was not presented with the fixture notes which were entered into between Tianjin Shengjia and Shanghai Fareast or other shipping agency.

5.  In August 2009, Suzhou Seamless contacted me for more information about the shipment of their goods. I reported the above facts and promised to obtain for them the booking notes entered into between Cosco and Tongsheng, the fixture notes entered into between Cosco and Shenghai Fareast, and between Tianjin Shengjia and Shanghai Fareast or the other shipping agency.

6.  As I had already left Cosco, I could only contact Ma Wei Dong, the manager of Cosco at the time, for the required documentations. However, as Cosco has been almost closed down, he was able to obtain only an unsigned booking note entered into between Cosco and Tongsheng. We are not able to find the fixture note between Cosco and Shanghai Fareast. Mr. Ma further contacted Mr. Wong, the former employee of Shanghai Fareast who was in charge of the shipment in this case for more information. However, Mr. Wong has also left Shanghai Fareast. No further information or documents concerning how the shipment was arranged after Cosco contracted with Shanghai Fareast can be obtained.

### REPORTING DETENTIONS AND LIENS

7.  In keeping with our normal practice and, I believe, the normal practice of shipping agents generally, Cosco, requested and received periodic updates regarding the movement of the M/V Temira and the condition of the Shippers' cargos on board, from the point the shippers delivered the cargos to Cosco's representative at Changshu Harbor until the vessel

arrived at Ravenna Harbor and the cargo was unloaded. We reported any unusual events to the Suzhou Seamless.

8. It has always been the case, in my experience, that when the vessel owner detains or places a lien on the cargo at the port of discharge, for any reason, it notifies the shipping agent, which then reports such detention or lien to the shippers. In this case, we were never notified that the vessel owner, Plamar Navigation Ltd. ("Plamar"), had detained or placed a lien on the Shippers' cargo. I believe this is because Plamar never intended to detain or place a lien on such cargo.

9. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 9, 2009

_____
LU XUJIE

09/09 2009 13:41 FAX 861058785599　　　　　　　　　　　　　　　　　　　　☒001

```
PLAMAR NAVIGATION LTD.,
                                         原告,              X    09-cv-5447 (SHS)
              -诉-                                         :
                                                          :    声明人:
天津盛嘉船务有限公司，又称盛嘉（香港）船务贸易有限公司，    :    陆旭杰
常熟市新常钢贸易有限公司，                                :
杭州重钢管有限公司，                                      :
衡阳钢管集团国际贸易有限公司，                            :
湖北新冶钢有限公司，又称湖北新冶钢钢铁有限公司，          :
江苏常熟海运代理公司，                                    :
江苏 LIHUI 钢铁有限公司，                                 :
江苏 PROS.国际有限公司，                                  :
江阴兴澄特种钢铁有限公司，                                :
KUGLER HAAS,                                             :
LALANI STEEL INC.,                                       :
上海法尔胜达罗进出口有限公司，                            :
法尔胜集团进出口有限公司，                                :
苏州 HUASHENG 进出口有限公司，                            :
苏州无缝钢管厂，                                          :
胜利后勤国际有限公司，                                    :
无锡 DINGYUAN 冷拔精密管有限公司，                        :
无锡市天梁对外贸易有限公司，                              :
无锡西姆莱斯钢管有限公司，                                :
XINYU 钢铁有限公司，                                      :
扬州 LONGCHUAN 钢管有限公司，                             :
烨贸有限公司，以及                                        :
YIZHENG HAITIAN 铝业有限公司。                           :
                                         被告.            X
```

本人陆旭杰，现依服《美国法典》第28章第1746条，作出如下声明：

1. 本人曾在苏州中远物流有限公司（"苏州中远"）的销售部担任业务员，我所在的部门全权负责安排本案的被告之一苏州无缝钢管厂（"苏州无缝"）2007年以特米拉号运输货物的工作。从2004年5月到2009年6月，苏州中远因经营不善而业务量减少，至今已经没有任何经营活动，我也于2008年3月离开公司。我基于个人对本次货运的了解，作出此份声明。

### 以特米拉号运输苏州无缝货物的情况

2. 当时，苏州中远是苏州无缝的长期货运代理人。苏州无缝就此次货运联系苏州中远后，苏州中远作为中间人，联系了常熟市通中行国际船舶代理有限公司（"通中行"）和上海远东环球船务有限公司（"上海远东"）。通中行负责海关申报。上海远东的责任包括但不限于：（a）选择一个在合适期间内开往意大利的商船；（b）作为转租人，根据具体情况与其他转租人、租船人或船东安排运输的相关事宜。

3. 按照我们惯常的作法，苏州中远与通中行签订了《订舱委托书》（"苏州中远/通中行订舱委托书"），并与上海远东签订了租船确认书（"苏州中远/上海远东租船确认书"）。根据我们的经验，上海远东在接受苏州中远的租船委托后，会直接或通过其他货运代理与盛嘉(香港)船务贸易有限公司（"盛嘉(香港)"又称为天津盛嘉）联系具体安排以特米拉号运输苏州无缝货物的事宜。上海远东、天津盛嘉以及可能的其他货运代理人之间都应签订租船合同或租船确认书。

4. 2007年10月18日，江苏常熟船务代理有限公司（"常熟船代"）向苏州无缝签发了五份提单，每一份提单分别对应苏州无缝的部分货物（"提单"）。苏州中远

2

将提单转交给了苏州无缝。苏州中远在得到提单时并未被出示天津盛嘉与上海远东或其他货运代理之间的租船确认书。

5. 2009年8月份，苏州无缝就此次货物运输找到我，要求我向他们讲述当时的事实经过。我向苏州无缝讲述了上面提到的事实经过，并答应帮忙寻找苏州中远/通申行订舱委托书、苏州中远/上海远东租船确认书、以及天津盛嘉/上海远东（或其他货运代理）租船确认书。

6. 因为我已经从苏州中远离开，所以只能找到当时苏州中远的总经理马卫东先生了解上述文件的去向。但是，因为苏州中远已经基本停止运营，从前的文件档案很多已缺失，所以马卫东先生和我只能找到苏州中远/通申行订舱委托书的未签署版，而苏州中远/上海远东租船确认书已无法找到。马卫东先生后来找到上海远东当时负责本次货物运输的王先生，但因为王先生已经离开了上海远东，我们委托上海远东之后的租船经过及相关文件材料也就无从可知了。

### 有关扣押或留置货物的信息

7. 为遵循我们的惯常做法，而且，我认为也是货运代理公司普遍的惯常做法，苏州中远自苏州无缝在常熟港将货物交给我们之时起，到船舶抵达拉文纳港且货物被卸载期间，定期地就特米拉号的活动、以及托运人在船舶上货物的情况进行询问并收到一些最新的消息。如有任何异常状况，我们将向苏州无缝汇报。

3

8. 根据我的经验，通常的情况是：不论何种原因，当船东在卸货港扣押或留置货物时，他都会通知船务代理公司，船务代理公司再将扣押或留置的情况向托运人反映。在本案中，我们从未获知船主，也就是 Plamar Navigation Ltd.（"Plamar"）即扣押或留置苏州无烟的货物。我认为，这是因为 Plamar 从未试图扣押或留置这些货物。

9. 我声明前述内容真实正确，否则我将受到美国法律下关于作伪证的制裁。

陆旭杰

签署日期：2009 年 9 月 8 日

4