UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,

        Plaintiff,

    -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA (HONG KONG) SHIPPING AND TRADING CO., LTD., CHANGSHU NEW CHANGGANG TRADE CO. LTD., HANGZHOU HEAVY STEEL PIPE CO. LTD., HENGYANG STEEL TUBE GROUP INT'L TRADING INC., HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG STEEL CO. LTD., JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD., JIANGSU LIHUI IRON AND STEEL CO., LTD., JIANGSU PROS.A INT'L CO. LTD., JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD., KUGLER HAAS, LALANI STEEL INC., FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD., FASTEN GROUP IMP. AND EXP. CO. LTD., SUZHOU HUASHENG IMP. AND EXP. CO., LTD., SUZHOU SEAMLESS STEEL TUBE WORKS, VICTORY LOGISTICS INT'L CO., LTD., WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO. LTD., WUXI TIAN LIANG FOREIGN TRADE CO. LTD., XIGANG SEAMLESS STEEL TUBE CO. LTD., XINYU IRON AND STEEL CORP. LTD., YANGZHOU LONGCHUAN STEEL TUBE CO., LTD., YIEH CORPORATION LTD. and YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,

        Defendants.
---------------------------------------------------------------- X

09-cv-5447 (SHS)

**DECLARATION OF WANG JIAN**

I, WANG JIAN, make the following Declaration, pursuant to 28 U.S.C. § 1746:

    1.    I am the president assistant and the director of Marketing Department of COSCO Jiangsu International Freight Co., Ltd. ("COSCO Jiangsu"), the shipping agent of Jiangyin Xingcheng Special Steel Works Co., Ltd. ("Jiangyin Xingcheng"), one of the Defendants in this action. My department was fully responsible for arranging for Jiangyin Xingcheng's shipment of

cargo aboard the M/V Temira in 2007 (the "Shipment"). I make this declaration based on my personal knowledge of the matters described herein.

2. In keeping with our normal practice and, I believe, the normal practice of shipping agents generally, COSCO Jiangsu, requested and received periodic updates regarding the movement of the M/V Temira and the condition of the Shipper's cargo on board, from the point the shipper delivered the cargo to us at Changshu Harbor until the vessel arrived at Ravenna Harbor and the cargo was unloaded. We reported unusual events, if any, to the Shipper.

3. It has always been the case, in my experience, that when the vessel owner detains or places a lien on the cargo at the port of discharge, for any reason, it notifies the shipping agent, which then reports such detention or lien to the shipper. In this case, we were never notified that the vessel owner, Plamar Navigation Ltd. ("Plamar"), had detained or placed a lien on the Shipper's cargo. I believe this is because Plamar never detained or placed a lien on such cargo.

4. I have reviewed the fixture note attached as Exhibit C to the Declaration of Xu Qiusong. The fixture note came from COSCO Jiangsu's files and was entered into in connection with the Shipment. We provided the of the fixture note to the Shipper, at their request, after Jiangyin Xingcheng received Plaintiff's Complaint. To the best of my knowledge, and in keeping with our ordinary practice, we did not provide the fixture note to the Shipper at or before the time we delivered the bills of lading to them.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 10, 2009

                                                              WANG JIAN / XU XINYUAN

美国联邦地方法院
纽约南区

---------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,

　　　　　　原告，

　　　　-诉-

天津盛嘉船务有限公司，又称盛嘉（香港）船务贸易有限公司，常熟市新常钢贸易有限公司，杭州重钢管有限公司，衡阳钢管集团国际贸易有限公司，湖北新冶钢有限公司，又称湖北新冶钢钢铁有限公司，江苏常熟海运代理公司，江苏 LIHUI 钢铁有限公司，江苏 PROS.国际有限公司，江阴兴澄特种钢铁有限公司，KUGLER HAAS，LALANI STEEL INC.，上海法尔胜达罗进出口有限公司，法尔胜集团进出口有限公司，苏州 HUASHENG 进出口有限公司，苏州无缝钢管厂，胜利后勤国际有限公司，无锡 DINGYUAN 冷拔精密管有限公司，无锡市天梁对外贸易有限公司，无锡西姆莱斯钢管有限公司，XINYU 钢铁有限公司，扬州 LONGCHUAN 钢管有限公司，烨贸国际贸易有限公司，以及 YIZHENG HAITIAN 铝业有限公司。

　　　　　　被告。
---------------------------------------------------------------- X

09-cv-5447 (SHS)

声明人：
王健

本人王健，现依照《美国法典》第 28 章第 1746 条，作出如下声明：

1. 本人是江苏中远国际货运有限公司（"江苏中远"）总经理助理兼市场部总监。江苏中远是江阴兴澄特种钢铁有限公司（"江阴兴澄"，本案被告之一）的船务代理公司。我部门全面负责安排江阴兴澄于 2007 年以特米拉号运输货物的工作（"运输"）。我基于个人对案件的了解，作出此份声明。

2. 为遵循我们的惯常做法，而且，我认为也是船务代理公司普遍的惯常做法，江苏中远自托运人在常熟港将货物交给我们之时起，到船舶抵达拉文纳港且货物被卸载期

间，定期地就特米拉号的活动、以及托运人在船舶上货物的条件进行询问并收到一些最新的消息。如有任何异常状况，我们将向托运人进行汇报。

3. 根据我的经验，通常的情况是：不论何种原因，当船东在卸货港扣押或留置货物时，他都会通知船务代理公司，船务代理公司再将扣押或留置的情况向托运人反映。在本案中，我们从未获知，船主——即 Plamar Navigation Ltd.（"Plamar"）曾扣押或留置托运人的货物。我认为，这是因为 Plamar 从未试图扣押或留置这些货物。

4. 我已经看过了在许秋松的《声明》中作为附件 B 的租船确认书，该租船确认书来自于江苏中远的档案文件，并且其签订系与运输有关。在江门兴澄收到原告的起诉状后，我们根据托运人的要求向他们提供了该租船确认书的副本。据我所知并根据我们惯常的做法，当我们在向托运人交付提单的时候或在此之前，我们并未将该租船确认书提供给他们。

5. 我声明前述内容真实正确，否则我将受到美国法律下关于作伪证的制裁。

签署日期：2009 年 9 月 10 日



王健