

**The GrayBar Building**
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070
www.lenmur.com

**Tide Mill Landing**
2425 Post Rd., Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

RECEIVED
SEP 15 2009
CHAMBERS OF
JUDGE SIDNEY H. STEIN
U.S.D.J.

September 15, 2009

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/15/09

**Via Facsimile (212) 805-7924**
Hon. Sidney H. Stein
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1010
New York, NY 10007-1581

MEMO ENDORSED

> **Re:**  ***Plamar Navigation Co. Ltd. v. Tianjin Shengjia Shipping Co. Ltd.***
> **Docket No.:**  09 Civ. 5447 (SHS)
> **Our ref.:**  08-1413

Dear Judge Stein:

We are attorneys for the Plaintiff in this admiralty action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.   We write regarding the motion filed by various Defendants on Thursday September 10, 2009 and to request an extension of time to submit Plaintiff's opposition papers for two (2) additional days.

As your Honor will recall, the parties agreed to a briefing schedule that was endorsed by the Court that provided for Defendants to file their motion papers by the close of business on Thursday September 10, 2009[1], Plaintiff to file reply papers by noon on Wednesday September 16, and for Defendants to file their Reply papers on Friday September 18, 2009.  However, when that briefing schedule was discussed between counsel, it was based on the premise that Defendant was solely bringing a motion to vacate pursuant to Supplemental Rule (E)(4)(f).  As the Court is aware, in such motions (where the defendant challenges whether the four requirements of Rule B have been met), substantive evidence is generally not submitted or examined.

However, upon receipt of the motion papers, it has been revealed that Defendant has not moved solely to vacate the attachment.  Rather its motion papers essentially move for summary judgment and to dismiss the Complaint.  The letter submitted by Defendants' counsel to the Court dated September 8, 2009 requesting the briefing schedule made no mention of the motion to dismiss and/or summary judgment.  Furthermore, Defendant has submitted voluminous "evidence" (exceeding 200 pages) in support of its motion papers including declarations from the Defendants' representatives, Chinese counsel and U.S. counsel respectively.

If we had understood that Defendants were bringing the motion in this context we would not have agreed to the briefing schedule as it is entirely unacceptable and unfeasible to prepare a meaningful response to such papers in so short of a time period.  Defendants have had almost a

---

[1] We note that the Defendants failed to file by close of business as the motion was not filed on ECF until several hours following close of business.

Patrick F. Lennon | Charles E. Murphy | Kevin J. Lennon | Nancy R. Siegel | Anne C. LeVasseur | Coleen A. McEvoy

month to prepare their motion papers and they have raised several challenges to the substantive *facts* of the case. Under the current schedule, Plaintiff is allowed only five calendar days to review the evidence, obtain declarations to oppose Defendants' submissions and to respond. This is not equitable.

Defendant is not entitled to an expedited hearing/briefing schedule on a summary judgment motion and/or a motion to dismiss. These motions require the application of, at the very least, the standard briefing schedule, i.e. 10 business days. Here, where copious documentation has been submitted and must be examined by Chinese, English and U.S. attorneys, further time is required.

We sought Defendants' counsel consent to the modest extension of time sought herein but were advised that they are not authorized to grant an extension, that an answer from their foreign clients is not expected until tomorrow morning and that consent is unlikely. Hence, in considering this request the Court should deem Defendants to stand in opposition to the request. We note in passing that we have previously granted extensions of time to these same Defendants to answer the Complaint. Further, we note that your Honor has discretion under Local Admiralty Rule E.1 regarding motions brought under Supplemental Rule E(4)(f) with respect to prompt hearings and submit that your Honor has similar discretion to grant the brief extension of time sought by the Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that the Court adjust the briefing schedule and set the deadline for Plaintiff's opposition papers for Friday September 18, 2009 and for Defendants' reply by Friday September 25, 2009. The court did not schedule a hearing on the Defendants' motion and thus the requested modification of the briefing schedule will not impact a hearing.

Should your Honor have any questions or comments we are available to discuss the same at any convenient time to the Court. We thank your Honor for consideration of this request.

Respectfully submitted,

Kevin J. Lennon

cc:    *Via Facsimile (212) 753-5044*
       Schiff Hardin LLP
       *Attorneys for Defendants*
       900 Third Avenue
       New York, NY 10022
       Attn:  Carl W. Oberdier, Esq.
              Henry L. Mann, Esq.

SO ORDERED

SIDNEY H. STEIN
U.S.D.J.