UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------- X

PLAMAR NAVIGATION LTD.,                                            :
                                                                   :
                        Plaintiff,                                 :     09-cv-5447 (SHS)
                                                                   :
            -against-                                              :
                                                                   :
TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA (HONG KONG)      :
SHIPPING AND TRADING CO., LTD., CHANGSHU NEW CHANGGANG TRADE        :
CO. LTD., HANGZHOU HEAVY STEEL PIPE CO. LTD., HENGYANG STEEL        :
TUBE GROUP INT'L TRADING INC., HUBEI XIN YEGANG CO., LTD. a/k/a     :
HUBEI XIN YEGANG STEEL CO. LTD., JIANGSU CHANGSHU MARINE            :
SHIPPING AGENCY CO. LTD., JIANGSU LIHUI IRON AND STEEL CO., LTD.,   :
JIANGSU PROS.A INT'L CO. LTD., JIANGYIN XINGCHENG SPECIAL STEEL     :
WORKS CO., LTD., KUGLER HAAS, LALANI STEEL INC., FASTEN BLOC        :
SHANGHAI IMP. AND EXP. CO., LTD., FASTEN GROUP IMP. AND EXP. CO.    :
LTD., SUZHOU HUASHENG IMP. AND EXP. CO., LTD., SUZHOU SEAMLESS      :
STEEL TUBE WORKS, VICTORY LOGISTICS INT'L CO., LTD., WUXI           :
DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO. LTD., WUXI TIAN        :
LIANG FOREIGN TRADE CO. LTD., XIGANG SEAMLESS STEEL TUBE CO.        :
LTD., XINYU IRON AND STEEL CORP. LTD., YANGZHOU LONGCHUAN           :
STEEL TUBE CO., LTD., YIEH CORPORATION LTD. and YIZHENG HAITIAN     :
ALUMINUM INDUSTRIAL CO., LTD.,                                      :
                                                                   :
                        Defendants.                                :
-------------------------------------------------------------------------------------- X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO VACATE MARITIME ATTACHMENT

SCHIFF HARDIN LLP                  Of Counsel:    KING & WOOD
Carl W. Oberdier (CO-4150)                        Ge Yan
coberdier@schiffhardin.com                        Fang Rong
Henry L. Mann                                     Yang Weiguo
hmann@schiffhardin.com                            Yang Jianyuan
900 Third Avenue, 23rd Floor                      Zhou Ning
New York, NY 10022                                Yan Yuan
(212) 753-5000                                    Roger Hsieh
                                                  31/F, Office Tower A, Jianwai SOHO
                                                  39 Dongsanhuan Zhonglu, Chaoyang District
                                                  Beijing 100022    P.R. China

*Attorneys for Defendants Changshu New Changgang Trade Co. Ltd., Hengyang Steel Tube Group Int'l
Trading Inc., Hubei Xin Yegang Co., Ltd., Jiangyin Xingcheng  Special Steel Works Co., Ltd., Fasten
Bloc Shanghai Imp. And Exp. Co., Ltd., Fasten Group Imp. and Exp. Co. Ltd., Suzhou Seamless Steel
Tube Works,Wuxi Tian Liang Foreign Trade Co. Ltd., Xigang Seamless Steel Tube Co. Ltd, and Yieh
Corporation Ltd.*

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT ................................................................................................... 1

I.    A VALID PRIMA FACIE CLAIM MUST BE BASED ON
      REASONABLE GROUNDS IN LIGHT OF THE EVIDENCE
      SUBMITTED BY BOTH PARTIES ........................................................... 1

      A.    Courts Should Weigh Defendants' Evidence In Determining Whether
            Plaintiff's Claim Is Prima Facie Valid ........................................... 1

      B.    The Plaintiff Must Show Reasonable Grounds, Not Merely That Its Claim
            Is Not "Entirely Frivolous" .......................................................... 3

II.   AS A MATTER OF LAW, THE PLAMAR-TIANJIN FIXTURE  NOTE WAS
      NOT INCORPORATED INTO THE BILLS OF LADING ........................... 5

      A.    No Identification Means No Incorporation .................................... 5

      B.    There Is No "Presumption" In Favor Of Incorporation .................. 6

      C.    Defendants' Actual Or Constructive  Knowledge Of The Fixture Note Is
            Irrelevant .................................................................................... 6

      D.    Where The Bill Of Lading Is Blank, Incorporation Is A Matter Of Law
            Requiring No Factual Or Subjective Analysis ................................ 8

III.  DEFENDANTS ARE NOT LIABLE FOR DETENTION CHARGES EVEN  IF
      THE PLAMAR-TIANJIN FIXTURE NOTE WERE INCORPORATED ........ 9

CONCLUSION ................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Amoco Oil Company v. M.T. Mary Ellen*,
    529 F.Supp. 227 (S.D.N.Y. 1981) .......................................................... 8

*Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*,
    460 F.3d 434 (2d Cir. 2006) .................................................................. 3

*Associated Metals & Minerals Corp. v. M/V Arktis Sky*,
    90-cv-4562, 1991 WL 51087 (S.D.N.Y. Apr. 3, 1991) ....................... 6, 8

*Associated Metals & Minerals Corp. v. M/V Arktis Sky*,
    978 F.2d 47 (2d Cir. 1992) .................................................................... 9

*Baja Ferries USA L.L.C. v. Calder Seacarrier Corp.*,
    08-cv-6031, 2008 WL 4682504 (S.D.N.Y. Oct. 4, 2008) ...................... 3

*Budisukma Permai SDN BHD v. N.M.K. Products & Agencies Lanka (Private) Ltd.*,
    606 F.Supp.2d 391 (S.D.N.Y. 2009) ..................................................... 5

*C.V. v. Farmount Heavy Transport N.V.*,
    572 F.3d 96 (2d Cir. 2009) .................................................................... 3

*CIA. Platamon de Navegacion, S.A. v. Empresa Colombiana de Petroleos*,
    478 F.Supp 66 (S.D.N.Y. 1979) ............................................................ 8

*Coastal States Trading, Inc. v. Zenith Nav. S.A.*,
    446 F.Supp. 330 (S.D.N.Y. 1977) ......................................................... 9

*Continental Florida Materials, Inc. v. M/V Lamazon*,
    334 F.Supp.2d 1294 (S.D.Fla 2004) ...................................................... 8

*Dun Shipping Corp. v. Amerada Hess Shipping Corp.*,
    01-2088, 2006 WL 2291024 (S.D.N.Y. Aug 3, 2006) ........................... 7

*Energy Transport, Ltd. v. M.V. San Sebastian*,
    348 F.Supp.2d 186 (S.D.N.Y. 2004) ...................................................... 6

*Fairmont Shipping (H.K.), Ltd. v. Primary Indus. Corp.*,
    86-cv-3668, 1988 WL 7805 (S.D.N.Y. Jan. 25, 1988) .......................... 8

*Federal Ins. Co. v. M.V. Audacia*,
    85-cv-2656, 1986 WL 574 (S.D.N.Y. Aug. 19, 1986) ........................... 8

*Finecom Shipping Ltd. v. Multi Trade Enterprises AG*,
    05-cv-6695, 2005 WL 2838611 (S.D.N.Y. Oct. 25, 2005) ..................... 4

**TABLE OF AUTHORITIES**
(continued)

Page

*Hawkspere Shipping Co. Ltd. v. Intamex S.A.*,
    330 F.3d 225, (4th Cir. 2003) ................................................................................ 6

*Ice Flake Maritime Ltd. v. Westcoast AS*,
    2007 WL 2979471 (S.D.N.Y. Oct. 11, 2007) ......................................................... 5

*Indagro S.A. v. Bauche S.A.*
    08-cv-10388, 2009 WL 2842738 (S.D.N.Y. Aug. 31, 2009) ............................ 3, 4, 6

*Kola Shipping Ltd. v. Shakti Bhog Foods Ltd.*,
    2009 WL 464202 (S.D.N.Y. Feb. 24, 2009) ............................................................ 4

*Louis Dreyfus Commodities Suisse S.A. v. Ravennavi S.p.A.*,
    08-cv-7918, 2009 WL 435043 (S.D.N.Y. Feb. 20, 2009) ........................................ 5

*MacSteel Int'l USA Corp. v. M/V Jag Rani*,
    02-cv-7436, 2003 WL 22241785 (S.D.N.Y. Sept. 30, 2003) ............................ 6, 7, 8

*Navision Shipping A/S v. Yong He Shipping (HK) Ltd.*,
    570 F.Supp.2d 527 (S.D.N.Y. 2008) ....................................................................... 4

*New York Marine Managers, Inc. v. M.V. Topor-1*,
    716 F.Supp. 783 (S.D.N.Y. 1989) ........................................................................... 5

*Ronda Ship Management Inc. v. Doha Asian Games Organising Committee*,
    511 F.Supp.2d 399 (S.D.N.Y. 2007) .................................................................... 4, 5

*Rosemary v. Jaldhi Overseas PTE Ltd.*,
    531 F.Supp.2d 586 (S.D.N.Y. 2008) ....................................................................... 4

*SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*,
    2008 WL 4900770 (S.D.N.Y. Sept. 10, 2008) ........................................................ 3

*Transfield ER Cape Ltd. v. STX Pan Ocean Co., Ltd.*
    09-cv-1250, 2009 WL 691273 (S.D.N.Y. Mar. 17, 2009) ...................................... 3

*United States Barite Corp. v. M.V. Haris*,
    534 F.Supp. 328 (S.D.N.Y. 1982) ........................................................................... 8

*Volgotanker Joint Stock Co. v. Vinmar Intern. Ltd.*,
    01-cv-5064, 2003 WL 23018798 (S.D.N.Y. Dec. 22, 2003) ............................ 6, 7, 8

*Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*,
    475 F.Supp.2d 275 (S.D.N.Y. 2006) ....................................................................... 4

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Williamson v. Recovery Ltd. Partnership*,
   542 F.3d 43 (2d Cir. 2008) ................................................................................. 2, 3, 7

*Yone Suzuki v. Central Argentine Ry. Co.*, 275 F. 54 (S.D.N.Y. 1923), *aff'd*, 27 F.2d 795 (2d Cir.
   1928), *cert. denied* 278 U.S. 652 (1929) ............................................................ 9, 10

Defendants respectfully submit this memorandum of law in support of their motion to vacate the Order of Attachment.[1]

## PRELIMINARY STATEMENT

Plamar has failed to demonstrate that it has a valid *prima facie* admiralty claim.  Plamar concedes that its claim requires the Court to find that the Plamar/Tianjin Fixture Note, to which the Defendants were not parties, was incorporated by reference into the bills of lading.  Plamar asserts that U.S. law applies to the issue of incorporation.  Defendants are prepared to adopt that position for purposes of this motion.[2]  So let us be clear as possible:  ***No United States court has ever held that a bill of lading, including the CONGENBill form with pre-printed incorporation language, incorporated a charter party as against the shipper where the spaces for identifying such charter party were left blank***.  Rather, in each such instance, the Court has rejected incorporation.  Plamar's contention that even though the bills of lading were blank, incorporation is nevertheless a fact-intensive inquiry requiring discovery, has absolutely no support in the law.  Plamar has no *prima facie* claim, and the Order of Attachment must be vacated.

## ARGUMENT

I.    **A VALID *PRIMA FACIE* CLAIM MUST BE BASED ON REASONABLE GROUNDS IN LIGHT OF THE EVIDENCE SUBMITTED BY BOTH PARTIES**

A.    **Courts Should Weigh Defendants' Evidence In Determining Whether Plaintiff's Claim Is *Prima Facie* Valid**

Under any rational standard of scrutiny, Plamar does not have a valid *prima facie* claim.  While Plamar contends that the *prima facie* requirement is met so long as (*a*) plaintiff has pled a

---

[1] Capitalized terms shall have the same meanings as in the Memorandum Of Law In Support Of Defendants' Motion To Vacate Maritime Attachment ("Def. Mem.").

[2] Were this case to go forward, Defendants would likely assert that Chinese law applies, which we believe to be the analytically-correct position.  Neither the parties, the vessel, the voyage, the fixture note nor the bills of lading have any connection with the United States.

sufficient quantum of facts that its claim can be understood, and (*b*) such claim is not "entirely frivolous," Plaintiff's Memorandum of Law in Opposition to Motion to Vacate Attachment ("Pl. Mem.") p. 10, Plamar's claim would fail even under such a superficial level of scrutiny. For what could be more frivolous than an incorporation claim that has been rejected by every court that has ever considered it? In any event, however, the law of the Second Circuit and this District establishes a much higher bar.

The Second Circuit has held that on a Rule E(4)(f) motion to vacate, the court should allow the defendant to present evidence refuting the plaintiff's claim and should scrutinize the claim in light of such evidence to determine whether it is *prima facie* valid. *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 52-53 (2d Cir. 2008). In *Williamson*, the Court affirmed the District Court's vacatur of a Rule B attachment after considering detailed evidentiary submissions from the defendants. 542 F.3d at 52-53. Similarly to Plamar, the *Williamson* plaintiffs asserted a contract claim against certain defendants who were not direct parties to such contract, based on theories of agency and alter ego. The District Court held that, in light of the contrary evidence offered by these defendants, plaintiffs had not alleged sufficiently persuasive facts to make out a *prima facie* case either of agency or alter ego liability. *Id*.[3]

The Second Circuit rejected plaintiffs' argument, similar to Plamar's here, that in vacating the attachment based on evidence outside the pleadings, the district court had "engaged in an impermissible fact-intensive inquiry." 542 F.3d at 52. The Court recognized that a defendant has a constitutional due process right to a meaningful opportunity to challenge a

---

[3] The Court's holding was not based on a complete lack of evidence from plaintiffs, but rather a finding that the defendants' proof was more persuasive. With respect to agency, plaintiffs had alleged that a contracting party had claimed that that "he had authority to speak for investors and partners [*i.e.*, the defendants]." With respect to alter ego, plaintiff had produced documents showing common business addresses and management among the alleged alter egos. 542 F.3d at 53.

maritime attachment, and that "superficial" scrutiny of plaintiff's claim is not constitutionally

sufficient. 542 F.3d at 51, 52.[4]

Since *Williamson*, no Court in this District has declined to consider evidence offered by a

defendant on a motion to vacate.  To the contrary, Courts have recognized that, in light of

*Williamson*, they must consider and give due weight to such evidence in determining whether a

plaintiff has a *prima facie* claim.  In *SPL Shipping Ltd. v. Gujarat Cheminex Ltd.*, 2008 WL

4900770 (S.D.N.Y. Sept. 10, 2008), for example, the Court **reversed** its own pre-*Williamson*

denial of a motion to vacate, in which it had expressly declined to consider declarations

submitted by the defendant, and vacated the attachment based on such declarations.[5]

### B.    The Plaintiff Must Show Reasonable Grounds, Not Merely That Its Claim Is Not "Entirely Frivolous"

Plamar is also plainly wrong that it need only show that its claim is not "entirely

frivolous."  The "non-frivolity" standard has been applied only where a defendant seeks counter-

security from the plaintiff pursuant to Rule E(7) – **never** on a Rule E(4)(f) motion to vacate.  *See*

---

[4] *Williamson* remains the Second Circuit's only pronouncement regarding the proper inquiry in determining whether a plaintiff has a valid *prima facie* claim.  Plamar's heavy reliance on *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty. Ltd.*, 460 F.3d 434 (2d Cir. 2006) is misplaced: the Court there did not address the meaning of the "valid *prima facie* admiralty claim" requirement.  Nor did it state, as Plamar contends, that "it is inappropriate for the district court to engage in fact intensive inquiries into the substantive aspects/merits of the underlying matter at this stage in the litigation."  Pl. Mem. p. 3. *See Baja Ferries USA L.L.C. v. Calder Seacarrier Corp.*, 08-cv-6031, 2008 WL 4682504, at *3 n.4 (S.D.N.Y. Oct. 4, 2008) ("The Second Circuit in *Aqua Stoli* did not explain what it meant by "valid *prima facie* admiralty claim").  Indeed, the Second Circuit stated just two months ago that it still has "not yet decided what type of showing a plaintiff must make to make out a *prima facie* admiralty claim." *Transportes Navieros y Terrestres S.A. de C.V. v. Farmount Heavy Transport N.V.*, 572 F.3d 96, 103 n.2 (2d Cir. 2009).

[5] *See also Indagro S.A. v. Bauche S.A.*, 08-cv-10388, 2009 WL 2842738, at *7-8 (S.D.N.Y. Aug. 31, 2009) (where parties submitted conflicting expert testimony regarding whether plaintiff's claim was considered a maritime claim under English law, plaintiff did not show a "fair probability" of success and was not entitled to attachment); *Transfield ER Cape Ltd. v. STX Pan Ocean Co., Ltd.*, 09-cv-1250, 2009 WL 691273, at *4 (S.D.N.Y. Mar. 17, 2009) (Koetl, J.) (*citing Williamson*) (vacating maritime attachment based on evidence proffered by Defendant); *Baja Ferries*, 2008 WL 4682504, at *3 n.4 (based on defendants' evidence, plaintiff could not establish causation "as a matter of law").

*Rosemary v. Jaldhi Overseas PTE Ltd.*, 531 F.Supp.2d 586 (S.D.N.Y. 2008) (ordering plaintiff to post counter-security for defendants' counterclaims).[6]

On a Rule E(4)(f) motion, by contrast, the plaintiff must demonstrate that, in light of all the evidence, it has "reasonable grounds" for its claim. *Kola Shipping Ltd. v. Shakti Bhog Foods Ltd.*, 2009 WL 464202, at *2 (S.D.N.Y. Feb. 24, 2009) (Lynch, J.) (denying attachment because plaintiff had not established "reasonable grounds" for its claim). The "reasonable grounds" standard is akin to "probable cause," which requires less than a preponderance of the evidence, but nevertheless calls for a "fair probability" that the facts asserted are true." *See Wajilam Exports (Singapore) Pte. Ltd. v. ATL Shipping Ltd.*, 475 F.Supp.2d 275, 278-79 (S.D.N.Y. 2006) (court should determine whether plaintiff has "reasonable grounds" by examining all the evidence submitted by the parties); *Indagro*, 2009 WL 2842738 at *7-8 (plaintiff did not show a "fair probability" of success on the merits).

In addition to its Rule E(7) cases, Plamar cites a few Rule E(4)(f) cases in which the Court held plaintiff's claim to a standard more rigorous than "not entirely frivolous," but somewhat more lenient than "reasonable grounds." These cases, however, occurred only in two contexts, neither of which is present here: (*a*) the merits of the case were already being adjudicated in another forum,[7] or (*b*) the defendant did not offer evidence refuting plaintiff's

---

[6] On a defendant's Rule E(7) motion for counter-security, constitutional due process is not at issue, since the plaintiff has already voluntarily subjected itself to the jurisdiction and processes of the Court. Rather, the Court's task is merely to "place the parties on equal footing." *Rosemary*, 531 F.Supp.2d at 588-59; *see also Finecom Shipping Ltd. v. Multi Trade Enterprises AG*, 05-cv-6695, 2005 WL 2838611 (S.D.N.Y. Oct. 25, 2005) (Lynch, J.) ("allowing a defendant to obtain counter-security on the basis of a frivolous counterclaim would "hardly put the parties on an even footing.").

[7] *See Finecom*, 2005 WL 2838611 at *1 (S.D.N.Y. Oct. 25, 2005) ("***courts should be reluctant to prejudge the merits . . . particularly so when the ultimate merits will be decided not by this Court, but by an arbitration panel in another country***") (emphasis added); *Rosemary*, 531 F.Supp.2d at 590 ("***because the merits are being litigated in another forum, I will have no occasion to make any merits based determination.***") (emphasis added); *Ronda Ship Management Inc. v. Doha Asian Games Organising Committee*, 511 F.Supp.2d 399, 404 (S.D.N.Y. 2007) (resolution of the "ultimate merits of

claim.[8]  Here,  Plamar intends to litigate the merits of its claim in this Court.  *See* Letter

addressed to Judge Sidney H. Stein from Kevin J. Lennon dated September 9, 2009.  Thus, the

more rigorous "reasonable grounds" analysis of Plamar's pleadings is warranted.

## II.    AS A MATTER OF LAW, THE PLAMAR-TIANJIN FIXTURE NOTE WAS NOT INCORPORATED INTO THE BILLS OF LADING

### A.    No Identification Means No Incorporation

As set forth in Defendants' Memorandum of Law, United States courts, including the

Second Circuit and Courts in this District, have held unanimously that a bill of lading does not

incorporate a charter party or fixture note unless it specifically and unambiguously identifies that

instrument.  *See* Def. Mem. pp. 18-19 and cases cited therein.[9]  Most such cases have involved

the CONGENBill form used by the parties in this case, which has pre-printed language providing

spaces for identification of an incorporated charter party.  *Id.*  Where the spaces in such bills of

---

the claims [was] more properly the subject of the pending litigation in London"); *Navision Shipping A/S v. Yong He Shipping (HK) Ltd.*, 570 F.Supp.2d 527, 531 n.8 (S.D.N.Y. 2008) (attachment was obtained in aid of pending arbitration or litigation elsewhere); *Louis Dreyfus Commodities Suisse S.A. v. Ravennavi S.p.A.*, 08-cv-7918, 2009 WL 435043 (S.D.N.Y. Feb. 20, 2009) (Stein, J.) (same); *Budisukma Permai SDN BHD v. N.M.K. Products & Agencies Lanka (Private) Ltd.*, 606 F.Supp.2d 391, 395-96 (S.D.N.Y. 2009) (same).

[8] *See Ronda Ship Management*, 511 F.Supp.2d at 404-05 (defendant apparently submitted no evidence refuting plaintiff's claim, but rather argued that plaintiff itself had "not provided sufficient evidence of such claim"); *Ice Flake Maritime Ltd. v. Westcoast AS*, 2007 WL 2979471, at *1-2 (S.D.N.Y. Oct. 11, 2007) (defendant apparently offering only legal argument based on the face of the complaint); *New York Marine Managers, Inc. v. M.V. Topor-1*, 716 F.Supp. 783, 786-87 (S.D.N.Y. 1989) (Defendant "has not adduced any evidence" as to why a charter party was not incorporated into a bill of lading).

[9] Plamar contends, and Defendants provisionally assent for purposes of this motion, that U.S. law governs the incorporation issue.  Pl. Mem. p. 13.  If, however, the Court were to feel compelled by logic or precedent to apply Chinese law, the result would be equally clear.  Two decisions of China's highest court and Article 95 of China's Maritime Code hold unequivocally that a CONGENBill form does not incorporate a charter party unless it explicitly identifies such charter party on its face.  Huang Decl. ¶¶ 8-12 & Exs. 4, 5; Second Declaration of Huang Tao ¶¶ 6-12.  Against such authority, Plamar's expert on Chinese law offers only his own, speculative opinion that a CONGENBill form could "arguably" or "plausibly" incorporate a fixture note despite the lack of explicit identification, contending that the Supreme People's Court decisions should be ignored because China does not follow the principle of *stare decisis*.  Declaration of Weidong Chen ¶¶ 4, 12.  Such an unpersuasive argument is insufficient to support a valid *prima facie* claim based on Chinese law.

lading are left entirely blank, as they were here, there is no incorporation as a matter of law. *See Energy Transport, Ltd. v. M.V. San Sebastian*, 348 F.Supp.2d 186, 204 (S.D.N.Y. 2004) (courts have rejected the concept of incorporation when the space provided in the bill of lading for the name and the date of the charter party is filled with a generic idiom or left blank"); *Hawkspere Shipping Co. Ltd. v. Intamex S.A.*, 330 F.3d 225, 233-34 (4th Cir. 2003) ("Courts consistently hold that attempts to incorporate a charter party into a bill of lading are ineffective when the spaces in the bill that would have identified the charter party are left blank.").[10]

### B.    There Is No "Presumption" In Favor Of Incorporation

Contrary to Plamar's contention (Pl. Mem. p. 4), the CONGENBill form does not "presume" the incorporation of the head charter party. Indeed, Courts in this District have explicitly rejected that presumption. *See MacSteel Int'l*, 2003 WL 22241785 at *4 (rejecting defendant's argument that, because there was only one charter party, it had to be incorporated into the CONGENBill bill of lading); *see also Volgotanker Joint Stock Co. v. Vinmar Intern. Ltd.*, 01-cv-5064, 2003 WL 23018798, at *2 (S.D.N.Y. Dec. 22, 2003) (where CONGENBill bill of lading was filled in with the date of a charter party, but there were two such charter parties of same date, neither one, including the head charter party, was incorporated).

### C.    Defendants' Actual Or Constructive Knowledge Of The Fixture Note Is Irrelevant

Plamar's effort, by way of speculation and innuendo, to create a factual issue regarding the Defendants' (or their agents') constructive knowledge of the Plamar-Tianjin Fixture Note is unavailing. *See* Pl. Mem. pp. 21-24. Nowhere does Plamar actually allege, or provide evidence

---

[10]*See also Associated Metals & Minerals Corp. v. M/V Arktis Sky*, 90-cv-4562, 1991 WL 51087, at *2 (S.D.N.Y. Apr. 3, 1991) ("a number of general rules have emerged to assist in the incorporation determination . . . . courts have found against incorporation where the incorporation clause provides space for listing the name and date of the charter party and the space is left blank"); *accord MacSteel Int'l USA Corp. v. M/V Jag Rani*, 02-cv-7436, 2003 WL 22241785, at *1 (S.D.N.Y. Sept. 30, 2003).

to demonstrate, that Defendants had such knowledge, only that Defendants "arguably" had such knowledge. *Id.* at 24. And Defendants' have submitted clear evidence that neither they nor their shipping agents had any such knowledge, because they never received a copy of the Plamar-Tianjin Fixture Note or were otherwise made aware of its terms.[11] Plamar's generalized, speculative assertions in the face of Defendants' specific, clear denials to the contrary are precisely the sorts of allegations that the Second Circuit held insufficient to make out a *prima facie* claim in *Williamson*. 542 F.3d at 52-53.

But Plamar's argument falls short for a more fundamental reason. As Courts in this District have recognized, because bills of lading are negotiable instruments, the rights and obligations they convey should not be based on the subjective knowledge and intent of the original parties to such bill. "Requiring both a specific reference to a charter party and unmistakable language of incorporation is generally necessary 'because, as a negotiable instrument, the bill of lading passes into the hands of those who have nothing to do with the charter party, and may not be bound to an agreement of whose terms they have no knowledge or notice." *MacSteel Int'l*, 2003 WL 22241785 at *3; *accord Volgotanker*, 2003 WL 23018798, at *2. Indeed, where a bill of lading does not explicitly incorporate a charter party on its face, this District has found no incorporation ***even though it was undisputed that the shipper had actual notice of the charter party's terms***. *Dun Shipping Corp. v. Amerada Hess Shipping Corp.*, 01-2088, 2006 WL 2291024, at *3 (S.D.N.Y. Aug 3, 2006) ("Where a bill of lading contains no reference to a charter party, courts have found that a nonsignatory's actual or constructive

---

[11] *See e.g.* Second Declaration of Tang Yinqiu ¶¶ 3-4; Declaration of Gu Jiena ¶¶ 3-4; Second Declaration of Yang Guoxian ¶¶ 4-5; Second Declaration of Lu Xujie ¶¶ 3-4; Declaration of Gu Yunhong ¶¶ 4-5; Def. Mem. p. 7 n.14 and Declarations cited therein.

knowledge of the terms of a charter party did not imply an agreement to accept those terms.");

*accord Amoco Oil Company v. M.T. Mary Ellen*, 529 F.Supp. 227, 229-30 (S.D.N.Y. 1981).

### D. Where The Bill Of Lading Is Blank, Incorporation Is A Matter Of Law Requiring No Factual Or Subjective Analysis

Because of this emphasis on the four corners of the bill of lading, where the bill of lading

is blank, no factual investigation or discovery is required to resolve the issue of incorporation.

*See Fairmont Shipping (H.K.), Ltd. v. Primary Indus. Corp.*, 86-cv-3668, 1988 WL 7805, at *3

(S.D.N.Y. Jan. 25, 1988) (where bill of lading was blank, there was no incorporation as a matter

of law without need for evidentiary hearing).[12]  The cases Plamar cites stating that incorporation

is a "fact-specific inquiry" have involved bills of lading in which the issuer made some attempt

to identify the charter party to be incorporated.  *See MacSteel Int'l*, 2003 WL 22241785 (bill of

lading stated "freight payable as per CHARTER-PARTY dated "AS PER RELEVANT").[13]

Moreover, as the cases Plamar cites make clear, the subjective, fact-based inquiry that

Plamar advocates is appropriate only where the party resisting incorporation was a party to the

charter party itself, and where the issue is whether such party should be bound by the arbitration

clause in the charter party.  *See MacSteel Int'l*, 2003 WL 22241785, at *3 n.2 ("Less specificity

---

[12] *See also Continental Florida Materials, Inc. v. M/V Lamazon*, 334 F.Supp.2d 1294, 1298-99 (S.D.Fla 2004) (on cross-motions to stay pending arbitration and to enjoin arbitration, no incorporation where CONGENBill form was left blank); *Federal Ins. Co. v. M.V. Audacia*, 85-cv-2656, 1986 WL 574, at *2 (S.D.N.Y. Aug. 19, 1986) (on cross-motions to compel arbitration and strike arbitration defense, no incorporation based on the face of the bill of lading); *United States Barite Corp. v. M.V. Haris*, 534 F.Supp. 328 (S.D.N.Y. 1982) (on motion to stay or dismiss, no incorporation based on face of the bill of lading); *CIA. Platamon de Navegacion, S.A. v. Empresa Colombiana de Petroleos*, 478 F.Supp 66, 67-68 (S.D.N.Y. 1979) (on motion to stay arbitration, no incorporation where bill of lading was left blank).

[13] Even in these less clear-cut cases requiring some factual analysis, courts have usually resolved the incorporation issue without discovery.  *See Volgotanker*, 2003 WL 23018798, at *2 (where a bill of lading identified a charter party by date but there was ambiguity as to which charter party was identified, court held there was no incorporation after receiving evidence from both sides, but without discovery); *Associated Metals*, 1991 WL 51087, at *3 (on Rule 12(f) motion to strike, no incorporation where space for identifying charter party was filled in with the words "AS AGREED").

is generally required when the litigant opposing the incorporation was a signatory to the charter party"); *Coastal States Trading, Inc. v. Zenith Nav. S.A.*, 446 F.Supp. 330, 338-39 (S.D.N.Y. 1977) (finding incorporation where the party resisting it was party to the charter party).

Thus, even if the Defendants had actual knowledge of the terms of the Plamar-Tianjin Fixture Note, which Plaintiff does not and cannot allege, incorporation would not be valid.

## III. DEFENDANTS ARE NOT LIABLE FOR DETENTION CHARGES EVEN IF THE PLAMAR-TIANJIN FIXTURE NOTE WERE INCORPORATED

Moreover, as a matter of law, the incorporation of the Plamar/Tianjin Fixture Note, even if effective, would not and could not have transferred to the Defendants the charterer's obligation to pay detention charges arising from delays in unloading the cargo. *See* Def. Mem. pp. 20-25. The Hague Rules, as implemented in the United States through COGSA, do not permit delegation to the shippers of the carriers' responsibility to load, stow, and discharge cargo. *Id.*, *see also Associated Metals & Minerals Corp. v. M/V Arktis Sky*, 978 F.2d 47, 49 (2d Cir. 1992) (reversing as "directly contrary" to COGSA district court's holding that FIOS terms may properly "shift both the risk and expense of loading, stowing, and discharging cargo to the shipper and the consignee."). Plamar does not effectively respond to this point, but rather cites a single case from 1923 that held a ***consignee*** liable for certain demurrage charges. Pl. Mem. pp. 16-19, *citing Yone Suzuki v. Central Argentine Ry. Co.*, 275 F. 54 (S.D.N.Y. 1923), *aff'd*, 27 F.2d 795 (2d Cir. 1928), *cert. denied* 278 U.S. 652 (1929). *Yone Suzuki* has nothing to do with this case, however. ***First***, it predated both the Hague Rules and COGSA, and, to the extent it would allow a carrier to transfer responsibility for loading, stowing or unloading cargo, it is no longer good law. ***Second***, it appears that the delays in *Yone Suzuki* did not, in fact, result from difficulties in unloading the cargo, but rather from difficulties in navigating the waters leading to the port. *Yone Suzuki*, 27 F.2d at 796-98. Detention charges from such delays would not run

afoul of the Hague Rules, since they did not relate to loading, stowing or unloading the cargo.

***Third***, the charter party was expressly and unambiguously incorporated into the bill of lading, and the **charter party** expressly provided that the consignee would be liable for demurrage. *Yone Suzuki*, 275 F. 54. Here, the Plamar/Tianjin Fixture Note makes the charterer, Tianjin, liable for demurrage and detention chargers, not the Defendants. It still remains the case that no reported case has held that the **shipper** of cargo, freight prepaid, responsible for paying damages for demurrage by virtue of the incorporation of the terms of a charter party.[14]

### CONCLUSION

For the foregoing reasons, the *ex parte* Order of Attachment should be vacated.

Dated: New York, New York
     September 25, 2009

Respectfully submitted,

OF COUNSEL:

KING & WOOD
Ge Yan
Fang Rong
Yang Weiguo
Yang Jianyuan
Zhou Ning
Yan Yuan
Roger Hsieh
31/F, Office Tower A, Jianwai SOHO
39 Dongsanhuan Zhonglu, Chaoyang District
Beijing 100022    P.R. China

SCHIFF HARDIN LLP

By:   <u>/s/ Carl W. Oberdier</u>
       Carl W. Oberdier
       Henry L. Mann
       900 Third Avenue
       New York, NY 10022
       (212) 753-5000

---

[14] Plamar's argument that GENCON 1976, which requires the shipowner to attempt to exercise a lien against the cargo before proceeding against the charterer, implies also a claim for damages personally against the shippers, is incoherent. Pl. Mem. pp. 14-16. No such claim against the shippers is implied. Indeed, at the destination port, the shipper has no further right or interest in the cargo, since title, along with the bill of lading, has already passed to the consignee. Moreover, GENCON 1976 provides only that ***if*** the owner has a valid claim for damages, it must first attempt to satisfy that claim against the cargo. It does not presume that the owner, in fact, has a valid claim.