UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,

      Plaintiff,

-against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA (HONG KONG) SHIPPING AND TRADING CO., LTD., CHANGSHU NEW CHANGGANG TRADE CO. LTD., HANGZHOU HEAVY STEEL PIPE CO. LTD., HENGYANG STEEL TUBE GROUP INT'L TRADING INC., HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG STEEL CO. LTD., JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD., JIANGSU LIHUI IRON AND STEEL CO., LTD., JIANGSU PROS.A INT'L CO. LTD., JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD., KUGLER HAAS, LALANI STEEL INC., FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD., FASTEN GROUP IMP. AND EXP. CO. LTD., SUZHOU HUASHENG IMP. AND EXP. CO., LTD., SUZHOU SEAMLESS STEEL TUBE WORKS, VICTORY LOGISTICS INT'L CO., LTD., WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO. LTD., WUXI TIAN LIANG FOREIGN TRADE CO. LTD., XIGANG SEAMLESS STEEL TUBE CO. LTD., XINYU IRON AND STEEL CORP. LTD., YANGZHOU LONGCHUAN STEEL TUBE CO., LTD., YIEH CORPORATION LTD. and YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,

      Defendants.
------------------------------------------------------------------- X

09-cv-5447 (SHS)

**SECOND DECLARATION OF HUANG TAO**

I, HUANG TAO, make the following Declaration, pursuant to 28 U.S.C. § 1746:

I.    **INTRODUCTION**

    1.    I have been asked by Schiff Hardin LLP, counsel for ten Defendant cargo shippers in the above-captioned case, to consider and respond to the opinions set forth in the September 18, 2009 Declaration of Mr. Weidong Chen ("Chen Dec."). My conclusions set forth in this Declaration are in addition to those set forth in my Declaration of September 10, 2009 (my "First Declaration"). Capitalized terms used herein have the same definitions as in my First Declaration.

## II. THE BILLS OF LADING DID NOT VALIDLY INCORPORATE THE FIXTURE NOTE

2. Under Article 95 of the Maritime Law and the two rulings by the Supreme People's Court described in my First Declaration, a fixture note will only be incorporated into the bill of lading if the bill expressly identifies the fixture note and makes clear the extent to which the parties intended to incorporate it. Merely identifying a fixture note for purposes of calculating freight, without more, will not result in the incorporation of the fixture note for other purposes.

3. Under this rule, the Bills of Lading did not validly incorporate the Fixture Note because it was not clearly identified on the Bills of Lading.

4. But Mr. Weidong Chen presents a different view, stating that it is "arguable" and "plausible" that the Fixture Note may have been incorporated into the Bills of Lading. Chen Dec. ¶ 4. His position is incorrect.

5. Mr. Chen reaches his conclusion based on two erroneous propositions. First, while recognizing that Article 95 permits incorporation only if the bill of lading "state[s] clearly" that the fixture note applies, he posits, based on an unofficial Annotation to the Maritime Code and a treatise on the interpretation of the Code, that the mere pre-printed language on the CONGENBill form, without any express identification of any fixture note, may suffice to incorporate the head fixture note. Chen Dec. ¶¶ 6-10. Second, he claims to glean from the text of Article 95 itself, without citing any other authority, a presumption that when there is more than one fixture note applicable to the voyage, the head fixture note applies. Neither proposition is supportable.

6. As described in my First Declaration, the view posited by Mr. Chen has been expressly rejected on two occasions by the Supreme People's Court. *See* First Declaration ¶¶ 8-12 and Exhibits 4, 5. Mr. Chen attempts to undermine the weight of these decisions by stating that China does not recognize the principle of *stare decisis*. Chen Dec. ¶ 12. This approach is

2

misplaced. While it is true that in China, as a formal matter, case law is not considered an independent source of governing law as it is in common law countries, no one can deny the persuasive authority of the Supreme People's Court's interpretations of statutes.

7.  Indeed, the power of the Supreme People's Court to interpret laws is codified under statutes. Specifically, "[t]he Supreme People's Court interprets on questions concerning specific application of laws and decrees in judicial proceedings." *See* Article 33 of *The Organic Law of The People's Courts of The People's Republic of China* (attached as Exhibit 1). Similarly, "[i]nterpretation of questions involving the specific application of laws and decrees in court trials shall be provided by the Supreme People's Court." *See* Article 2 of *Resolution Of The Standing Committee Of The National People's Congress Providing An Improved Interpretation Of The Law* (attached as Exhibit 2).

8.  Thus, although the Supreme People's Court's pronouncements are formally binding only in the cases in which such pronouncements were made, they are of considerable assistance in providing instructions and directions for courts in future similar cases. The two Supreme People's Court's decisions described in my First Declaration are currently the most persuasive authority in China on the question of whether a charter party has been validly incorporated into a bill of lading.

9.  I also disagree with Mr. Chen's suggestion that these Supreme People's Court decisions apply only to incorporation of the arbitration clause of the fixture note, and have no applicability to incorporation of other terms. The plain text of these decisions states otherwise, as follows:

> When a CONGENBILL is used along with charter parties, the charter party to be incorporated must be explicitly identified on the front side of the bill of lading. The front of the bill of lading must

3

> also specify whether the charter party's arbitration clause is incorporated.

*See* First Declaration Exhibit 4.

10. Thus, the first sentence of this passage lays out a general rule that applies to incorporation of a fixture note for any purpose: such fixture note must be explicitly identified on the front side of the bill of lading. The second sentence sets forth a specific rule for arbitration clauses: the bill of lading must specify whether such clause is incorporated. There is no basis for Mr. Chen's view that if other terms of the fixture note are to be incorporated, it is not necessary for the fixture note to be explicitly identified, as required by the first sentence.

11. Mr. Chen's effort to distinguish one of these cases as dealing with a time charter party rather than a voyage charter party has no merit. When the Supreme Court made these rulings, it made no distinction as to whether the charter party in dispute was a time charter party or voyage charter party.

12. Against the weight of the Supreme People's Court's clear authority, Mr. Chen suggests only that it is "unclear" what "clear" means in Article 95, and that unspecified passages in the annotations and treatise he cites suggest that the mere pre-printed CONGENBill language is clear enough. I can find nothing in the annotations and treatise to support that view.

13. Mr. Chen is also incorrect that, where multiple fixture notes apply to a voyage, there is a presumption that the head fixture note is incorporated. Neither the purpose nor the language of Article 95 supports such a presumption.

14. No such presumption can be found in the text of Article 95 which provides as follows:

> Where the holder of the bill of lading is not the charterer in the case of a bill of lading issued under a voyage charter, the rights and obligations of the carrier and the holder of

the bill of lading shall be governed by the clauses of the bill of lading. However, if the bill of lading clearly incorporates the application of the clauses of the voyage charter, such clauses shall apply.

15.  There is simply no preference or presumption in this Article for the head fixture note above other fixture notes. The term "voyage charter" applies equally to any fixture note that applies to the voyage, since where a "bill of lading [is] issued for goods carried under a voyage charter," such goods are considered to be carried under each and every fixture note that applies to the voyage, not just the head fixture note. According to the last sentence of the Article, the question is whether the clauses of any such fixture note are "clearly incorporate[d]."

16.  I should note that since there is no official translation of the provision, Mr. Chen and I each did our own translation. As a result, his English translation is different from mine, which I already submitted as an exhibit to my First Declaration. Mr. Chen's version is as follows:

> Where the holder of the bill of lading is not the charterer in the case of a bill of lading issued for goods carried under a voyage charter, the rights and obligations of the carrier and the holder of the bill of lading shall be governed by the clauses of the bill of lading. However, if it is stated clearly in the bill of lading that voyage charter party clauses shall apply, the clauses of the said voyage charter party shall be applied.

17.  Mr. Chen seems to argue that the term "said voyage charter party" in the last sentence of his version does not refer to the "voyage charter party" immediately preceding it in that sentence, but rather refers back to the "voyage charter" in the first sentence, which he views as limited to the head fixture note. Chen Dec. ¶ 11. Mr. Chen views the distinction as important, because whereas the "voyage charter party" in the last sentence may refer to any fixture note that is intended to be incorporated, the term "voyage charter" in the first sentence, he believes, can only refer to the head fixture note. This is so, presumably, because the rights and obligations of the

carrier are also dealt with in the first sentence, and a carrier is generally a party to the head fixture note.

18. Mr. Chen's construction is strained, to say the least. First, as set forth above, there is no basis for reading "voyage charter" in the first sentence to apply only to the head fixture note. There is nothing precluding the rights and obligations of the carrier vis-à-vis the bill of lading holder from incorporating the terms of a fixture note to which the carrier is not a party. After all, in either case, the bill of lading holder is not a party to the fixture note. Second, Mr. Chen's interpretation of the last sentence is imprecise. In fact, the last sentence reads: "However, if the bill of lading clearly incorporates the application of the clauses of the voyage charter, such clauses shall apply." In this correct translation, it is clear that the term "such clauses" can only refer back to the immediately preceding "clauses of the voyage charter," and not the reference to "voyage charter" in the first sentence. Third, even in Mr. Chen's translation, the term "said voyage charter party" in the last sentence would clearly refer back to its immediate precedent in the same sentence, not back to the first sentence.

19. In any event, neither the purpose nor the language of Article 95 suggests that the head fixture note is presumed to be incorporated. Rather, Article 95 states only that if a bill of lading "clearly incorporates" the clauses of a fixture note, such clauses shall be applied. Article 95 thus authorizes the incorporation of the clauses of a fixture note into a bill of lading, if clearly stated, but neither requires nor presumes such incorporation. The Supreme People's Court has explained what is meant by "clear incorporation," as explained above and in my First Declaration, and that requirement is plainly not met when the front of the bill of lading does not explicitly identify the particular fixture note to be incorporated.

6

20.  For these reasons, as stated in my First Declaration, under Article 95 and the rulings of the Supreme People's Court, none of the Bills of Lading validly incorporated the Fixture Note.

21.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2009

_____
HUANG TAO

# EXHIBIT 1

中华人民共和国人民法院组织法

（1979 年 7 月 1 日第五届全国人民代表大会第二次会议通过，根据 1983 年 9 月 2 日第六届全国人民代表大会常务委员会第二次会议通过的《关于修改＜中华人民共和国人民法院组织法＞的决定》修正，根据 1986 年 12 月 2 日第六届全国人民代表大会常务委员会第十八次会议通过的《关于修改＜中华人民共和国地方各级人民代表大会和地方各级人民政府组织法＞的决定》第二次修正，根据 2006 年 10 月 31 日第十届全国人民代表大会常务委员会第二十四次会议《关于修改〈中华人民共和国人民法院组织法〉的决定》第三次修正）

第三十三条  最高人民法院对于在审判过程中如何具体应用法律、法令的问题，进行解释。

### Organic Law of the People's Courts of the People's Republic of China

( Adopted at the Second Session of the Fifth National People's Congress on July 1, 1979, and revised for the first time according to the Decision Concerning the Revision of the Organic Law of the People's Courts of the People's Republic of China adopted at the Second Meeting of the Sixth National People's Congress on September 2, 1983; and revised for the second time according to the Decision on Revising the Organic Law of the Local People's Congresses and Local People's Governments of the People's Republic of China as adopted at the 18th session of the Sixth National People's Congress on December 2, 1986; and revised for the third time according to the Decision of the Standing Committee of the National People's Congress on Amending the Organic Law of the People's Courts of the People's Republic of China as adopted at the 24th meeting of the Standing Committee of the 10th National People's Congress of the People's Republic of China on October 31, 2006 )

Article 33  The Supreme People's Court gives interpretation on questions concerning specific application of laws and decrees in judicial proceedings.



```
Job : 172
Date: 09/25/2009
Time: 07:22:23 PM
```

全国人民代表大会常务委员会关于加强法律解释工作的决议

（一九八一年六月十日第五届全国人民代表大会常务委员会第十九次会议通过）

二、　凡属于法院审判工作中具体应用法律、法令的问题，由最高人民法院进行解释。……

**Resolution of the Standing Committee of the National People's Congress Providing an Improved Interpretation of the Law**

(Adopted at the 19th Meeting of the Standing Committee of the Fifth National People's Congress on June 10, 1981)

Article 2　Interpretation of questions involving the specific application of laws and decrees in court trials shall be provided by the Supreme People's Court. ……