UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

PLAMAR NAVIGATION LTD.,

                Plaintiff,

                -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA
(HONG KONG) SHIPPING AND TRADING CO., LTD.,
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,
HANGZHOU HEAVY STEEL PIPE CO. LTD.,
HENGYANG STEEL TUBE GROUP INT'L TRADING INC.,
HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG
STEEL CO. LTD.,
JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD.,
JIANGSU LIHUI IRON AND STEEL CO., LTD.,
JIANGSU PROS.A INT'L CO. LTD.,
JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD.,
KUGLER HAAS,
LALANI STEEL INC.,
FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD.,
FASTEN GROUP IMP. AND EXP. CO. LTD.,
SUZHOU HUASHENG IMP. AND EXP. CO., LTD.,
SUZHOU SEAMLESS STEEL TUBE WORKS,
VICTORY LOGISTICS INT'L CO., LTD.,
WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO.
LTD.,
WUXI TIAN LIANG FOREIGN TRADE CO. LTD.,
XIGANG SEAMLESS STEEL TUBE CO. LTD.,
XINYU IRON AND STEEL CORP. LTD.,
YANGZHOU LONGCHUAN STEEL TUBE CO., LTD.,
YIEH CORPORATION LTD. and
YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,

                Defendants.
--------------------------------------------------------------------

09-cv-5447 (SHS)

**SECOND
DECLARATION OF
LU XUJIE**

I, LU XUJIE, make the following Declaration, pursuant to 28 U.S.C. § 1746:

    1.    I was one of the salesmen in the Sales Department of Cosco Logistics (Suzhou) Co., Ltd. ("Cosco"), the shipping agent of one of the Defendants, Suzhou Seamless Steel Tube Works ("Suzhou Seamless"), in this action. Cosco was fully responsible for arranging Suzhou

Seamless' shipment of cargos aboard the M/V Temira in 2007. I make this declaration based on my personal knowledge of the matters described herein.

2. In keeping with our normal practice and, I believe, the normal practice of the shipping agents generally, Suzhou Cosco checked the information on the bills of lading issued by the agent for Plamar Navigation Ltd. ("Plamar"), such as name of the shipper, name of the consignee, name of the vessel, port of loading, port of discharge, as well as description of goods, immediately upon receiving such bills of lading. I did not observe anything special about these bills of lading either at that time, or at present. Even though the CONGENBill form was used, I did not believe, nor do I now, that the terms of any charter party was incorporated into the bills of lading.

3. It is not our understanding that, nor was it ever suggested to us that the 28 September 2007 Fixture Note entered into by and between Plamar and Shengjia (Hong Kong) Shipping and Trading Co., Ltd. ("Shengjia (Hong Kong)" a/k/a "Tianjin Shengjia") was incorporated by reference to the bills of lading. It is customary, when a particular fixture note is intended to be incorporated, that such fixture note is explicitly identified on the face of the bills of lading and that express consent to such incorporation is obtained from the shippers and other interested parties. Furthermore, we were not presented with a copy of the foregoing fixture note at or before the time the bills of lading were issued.

4. It is common, whenever we and other shipping agents charter a vessel from the charterer/subcharterer, to enter into a fixture note with the charterer/subcharterer. Such fixture notes are usually similar in form and content. For instance, such fixture notes usually include a term about the detention rates, although the actual rates may vary from one to the other. The mere similarity among the various fixture notes in this case does not suggest, therefore, that the

2

shipping agents had actual or constructive notice of the terms of the head fixture note between Plamar and Tianjin. As stated earlier, we did not have such notice.

5.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2009

_____
LU XUJIE

美国联邦地方法院
纽约南区

---

PLAMAR NAVIGATION LTD.,

　　原告,

　　-诉-

天津盛嘉船务有限公司, 又称盛嘉（香港）船务贸易有限公司, 常熟市新常钢贸易有限公司, 杭州重钢管有限公司, 衡阳钢管集团国际贸易有限公司, 湖北新冶钢有限公司, 又称湖北新冶钢钢铁有限公司, 江苏常熟海运代理公司, 江苏LIHUI钢铁有限公司, 江苏PROS.国际有限公司, 江阴兴溢特种钢铁有限公司, KUGLER HAAS, LALANI STEEL INC., 上海法尔胜达罗进出口有限公司, 法尔胜集团进出口有限公司, 苏州HUASHENG进出口有限公司, 苏州无缝钢管厂, 胜利后勤国际有限公司, 无锡DINGYUAN冷拔精密管有限公司, 无锡市天梁对外贸易有限公司, 无锡西姆莱斯钢管有限公司, XINYU钢铁有限公司, 扬州LONGCHUAN钢管有限公司, 烨贸有限公司, 以及YIZHENG HAITIAN铝业有限公司,

　　被告.

---

09-cv-5447 (SHS)

声明人：
陆旭杰



本人陆旭杰，现依照《美国法典》第28章第1746条，作出如下声明：

1.　　本人曾在苏州中远物流有限公司（"苏州中远"）的销售部担任业务员，我所在的部门全权负责安排本案的被告之一苏州无缝钢管厂（"苏州无缝"）2007年以特米拉号运输货物的工作。我基于个人对本次货运的了解，作出此份声明。

2.　　根据我们的惯常做法，而且，我认为也是货运代理公司普遍的惯常做法，我们在拿到原告Plamar Navigation Ltd. ("Plamar") 的船务代理公司出具的提单后，便立即核对了发货方、收货方、航次、装卸港以及货物信息等，当时以及现在都没有意识到该提单有任何特别之处。使用康金格式提单也并不意味着必然有租船合同并入提单。

FROM :　　　　　　　　　　　　　　FAX NO. :　　　　　　　　　　Sep. 25 2009 12:59　P 2

3. 苏州中远拿到提单后并不知道Plamar与天津盛嘉船务有限公司（"盛嘉（香港）"，又称"天津盛嘉"）于2007年9月28日签订的《租船确认书》被并入货主的提单中这一情况，且我们当时也没有见过该《租船确认书》。通常而言，如果一方确实有意将某份《租船确认书》并入提单，至少应当在提单上明确标识并取得货主以及其他利益相关方的同意。

4. 事实上，所有船代/货代公司在向其租家进行租船时，都会签订《租船确认书》。通常而言，这类《租船确认书》的格式和内容都比较类似。例如，延迟费的条款基本上在每一份《租船确认书》中都会出现，但费用的具体数额可能会有所不同。本案这些《租船确认书》中仅有的相似之处不能说明船代公司已实际或积极地注意到了Plamar与天津盛嘉之间的《租船确认书》条款。正如我之前所述，我们没有见到过这份《租船确认书》。

5. 我声明前述内容真实正确，否则我将受到美国法律下关于作伪证的制裁。

签署日期：2009年9月25日

陆旭杰

2