UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,

        Plaintiff,

        -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA
(HONG KONG) SHIPPING AND TRADING CO., LTD.,
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,
HANGZHOU HEAVY STEEL PIPE CO. LTD., HENGYANG STEEL
TUBE GROUP INT'L TRADING INC., HUBEI XIN YEGANG CO.,
LTD. a/k/a HUBEI XIN YEGANG STEEL CO. LTD., JIANGSU
CHANGSHU MARINE SHIPPING AGENCY CO. LTD., JIANGSU
LIHUI IRON AND STEEL CO., LTD., JIANGSU PROS.A INT'L
CO. LTD., JIANGYIN XINGCHENG SPECIAL STEEL WORKS
CO., LTD., KUGLER HAAS, LALANI STEEL INC., FASTEN BLOC
SHANGHAI IMP. AND EXP. CO., LTD., FASTEN GROUP IMP.
AND EXP. CO. LTD., SUZHOU HUASHENG IMP. AND EXP. CO.,
LTD., SUZHOU SEAMLESS STEEL TUBE WORKS, VICTORY
LOGISTICS INT'L CO., LTD., WUXI DINGYUAN PRECISION
COLD DRAWN STEEL PIPE CO. LTD., WUXI TIAN LIANG
FOREIGN TRADE CO. LTD., XIGANG SEAMLESS STEEL TUBE
CO. LTD., XINYU IRON AND STEEL CORP. LTD., YANGZHOU
LONGCHUAN STEEL TUBE CO., LTD., YIEH CORPORATION
LTD. and YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO.,
LTD.,

        Defendants.
----------------------------------------------------------------

09-cv-5447 (SHS)

**SECOND DECLARATION OF TANG YINQIU**

I, TANG YINQIU, make the following Declaration, pursuant to 28 U.S.C. § 1746:

1.    I am the Bills Manager of Hunan Suntua International Logistics Co., Ltd. ("Hunan Suntua"), the shipping agent of Hengyang Steel Tube Group Int'l Trading Inc. ("Hengyang"), one of the Defendants in this action. My department was fully responsible for

arranging for Hengyang's shipment of cargo aboard the M/V Temira in 2007 (the "Shipment"). I make this declaration based on my personal knowledge of the matters described herein.

2. In keeping with our normal practice and, I believe, the normal practice of the shipping agents generally, we checked the information on the bills of lading issued by the agent for Plamar Navigation Ltd. ("Plamar"), such as name of the shipper, name of the consignee, name of the vessel, port of loading, port of discharge, as well as description of goods, immediately upon receiving such bills of lading issued. I did not observe anything special about these bills of lading either at that time, or at present.

3. When Hunan Suntua was presented with the bills of lading, we did not believe that the 28 September 2007 Fixture Note entered into by Plamar and Shengjia (Hong Kong) Shipping and Trading Co., Ltd. ("Shengjia (Hong Kong)" a/k/a "Tianjin Shengjia") was incorporated by reference into the bills of lading. Furthermore, we were not presented with a copy of the foregoing fixture note at that time. According to our understanding, when a particular fixture note is intended to be incorporated, such fixture note is explicitly identified on the face of the bills of lading and express consent to such incorporation is obtained from the shippers and other interested parties.

4. In fact, whenever we and other shipping agents charter a vessel from the charterer/subcharterer, we will enter into a fixture note with the charterer/subcharterer. Such fixture notes are usually similar in form and content. For instance, such fixture notes usually include a term about the detention rates, although the actual rates may vary from one the other. The mere similarity among the various fixture notes in this case does not suggest, therefore, that the shipping agents had actual or constructive notice of the terms of the head fixture note between Plamar and Tianjin. As stated earlier, we were not presented with such fixture note.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2009

TANG YINQIU

[Seal: 北京百嘉翻译服务有限公司 / Beijing Baijia Translation Company / 翻译业务专用章 / Special Seal for Translation Business]

3

美国联邦地方法院
纽约南区

---------------------------------------------------------X

PLAMAR NAVIGATION LTD.,

　　　　　　　原告,

　　　　-诉-

天津盛嘉船务有限公司，又称盛嘉（香港）船务贸易有限公司、常熟市新常钢贸易有限公司、杭州重钢管有限公司、衡阳钢管集团国际贸易有限公司、湖北新冶钢有限公司，又称湖北新冶钢铁有限公司、江苏常熟海运代理公司、江苏 LIHUI 钢铁有限公司、江苏 PROS 国际有限公司、江阴兴澄特种钢铁有限公司、KUGLER HAAS、LALANI STEEL INC.、上海法尔胜达罗进出口有限公司、法尔胜集团进出口有限公司、苏州 HUASHENG 进出口有限公司、苏州无缝钢管厂、胜利后勤国际有限公司、无锡 DINGYUAN 冷拔精密管有限公司、无锡市天波对外贸易有限公司、无锡马姆然斯钢管有限公司、XINYU 钢铁有限公司、扬州 LONGCHUAN 钢管有限公司、辉钢有限公司，以及 YIZHENG HAITIAN 钢业有限公司，

　　　　　　　被告.

---------------------------------------------------------X

09-cv-5447 (SHS)

声明人：
汤银球



本人汤银球，现依照《美国法典》第 28 章第 1746 条，作出如下声明：

1.　　本人是湖南顺达国际物流有限公司（"湖南顺达"）的单证部经理。湖南顺达是衡阳钢管集团国际贸易有限公司（"衡钢"，本案被告之一）的货运代理公司。我们部门全权负责安排衡钢 2007 年以特米拉号运输货物的工作。我基于个人对本次货运的了解，作出此份声明。

2.　　根据我们的惯常做法，而且，我认为也是货运代理公司普遍的惯常做法，我们在拿到原告 Plamar Navigation Ltd. ("Plamar") 的船务代理公司出具的提单后，便立即

核对了发货方、收货方、航次、装卸港以及货物信息等，当时以及现在都没有意识到该提单有任何特别之处。

3. 湖南顺达拿到提单后并不知道 Plamar 与天津盛嘉船务有限公司（"盛嘉（香港）"、又称"天津盛嘉"）于 2007 年 9 月 28 日签订的《租船确认书》被并入货主的提单中这一情况，且我们当时也没有见过该《租船确认书》。我们理解，如果一方确实有意将某份《租船确认书》并入提单，至少应当在提单上明确标识并取得货主以及其他利益相关方的同意。

4. 事实上，所有船代/货代公司在向其租家进行租船时，都会签订《租船确认书》。通常而言，这类《租船确认书》的格式和内容都比较类似，例如，延迟费的条款基本上在每一份《租船确认书》中都会出现，但费用的具体数额可能会有所不同。本案这些《租船确认书》中仅有的相似之处不能说明船代公司已实际或积极地注意到了 Plamar 与天津盛嘉之间的《租船确认书》条款。正如我之前所述，我们没有见到过这份《租船确认书》。

5. 我声明前述内容真实正确，否则我将受到美国法律下关于作伪证的制裁。

签署日期：2009 年 9 月 25 日                    _____
                                                        汤银琼

2