UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X
PLAMAR NAVIGATION LTD.,

        Plaintiff,

    -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA
(HONG KONG) SHIPPING AND TRADING CO., LTD.,
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,
HANGZHOU HEAVY STEEL PIPE CO. LTD., HENGYANG STEEL
TUBE GROUP INT'L TRADING INC., HUBEI XIN YEGANG CO.,
LTD. a/k/a HUBEI XIN YEGANG STEEL CO. LTD., JIANGSU
CHANGSHU MARINE SHIPPING AGENCY CO. LTD., JIANGSU
LIHUI IRON AND STEEL CO., LTD., JIANGSU PROS.A INT'L
CO. LTD., JIANGYIN XINGCHENG SPECIAL STEEL WORKS
CO., LTD., KUGLER HAAS, LALANI STEEL INC., FASTEN BLOC
SHANGHAI IMP. AND EXP. CO., LTD., FASTEN GROUP IMP.
AND EXP. CO. LTD., SUZHOU HUASHENG IMP. AND EXP. CO.,
LTD., SUZHOU SEAMLESS STEEL TUBE WORKS, VICTORY
LOGISTICS INT'L CO., LTD., WUXI DINGYUAN PRECISION
COLD DRAWN STEEL PIPE CO. LTD., WUXI TIAN LIANG
FOREIGN TRADE CO. LTD., XIGANG SEAMLESS STEEL TUBE
CO. LTD., XINYU IRON AND STEEL CORP. LTD., YANGZHOU
LONGCHUAN STEEL TUBE CO., LTD., YIEH CORPORATION
LTD. and YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO.,
LTD.,

        Defendants.
-------------------------------------------------------------------------- X

: 09-cv-5447 (SHS)

: **DECLARATION OF**
: **GU JIENA**

I, GU JIENA, make the following Declaration, pursuant to 28 U.S.C. § 1746:

    1.    I am the Manager of the Logistics Department of Jiangsu Changshu Marine Shipping Agency Co., Ltd. ("Changshu Agency"), the shipping agent of Bulcom Ltd. ("Bulcom") who is Commercial Managers of Plamar Navigation Ltd. ("Plamar"). Changshu Agency was responsible for arranging the voyage of M/V Temira in 2007 at issue in this case. Changshu Agency was entrusted by the master of M/V Temira to issue the bills of lading to the shippers

who had cargo aboard this vessel. I make this declaration based on my personal knowledge of the matters described herein.

2. For this voyage, Bulcom directed us to use the CONGENBill form bills of lading. However, because this form is regularly used in the shipping business, I did not observe anything special about it at that time or now.

3. In particular, it is not our understanding, nor was it ever suggested to us, that the 28 September 2007 Fixture Note entered into by Plamar and Shengjia (Hong Kong) Shipping and Trading Co., Ltd. ("Shengjia (Hong Kong)" a/k/a "Tianjin Shengjia") was incorporated by reference to the bills of lading. Furthermore, we were not presented with a copy of the foregoing fixture note at or before the time the bills of lading were issued.

4. It is common, whenever we and other shipping agents charter a vessel from the charterer/subcharterer, to enter into a fixture note with such charterer/subcharterer. Such fixture notes are usually similar in form and content. For instance, such fixture notes usually include a term about the detention rates, although the actual rates may vary from one the other. Therefore, the mere similarity among the various fixture notes in this case does not suggest that the shipping agents had actual or constructive notice of the terms of the head fixture note between Plamar and Tianjin. As stated earlier, we did not have such notice.

5. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2009

---------------------------------
GU JIENA

2

美国纽约南区地方法院
判决书

-------------------------------------------------- X

PLAMAR NAVIGATION LTD.,

                                    09-cv-5447 (SHS)

              原告,

        -对-
                                    声明人:
天津宏泰船务有限公司,天津宏泰国际贸易有限公司,            顾洁娜
青岛西阳斯钢铁贸易有限公司,天津宝钢钢铁有限公司,
泰兴航运有限公司,润达钢铁贸易有限公司,天津钢管
集团有限公司,江阴宁海运与建材有限公司,扬州LIHUI钢铁有限
公司,上海PROS钢铁有限公司,江阴天盛材料科技有限公司,
KUGLER HAAS, LALANI STEEL INC, 上海舒尔迪上海贸易有
限公司,成都联茂国际贸易有限公司,苏州HUASHENG钢铁有
限公司,苏州旭阳钢铁,江苏鸿达钢铁贸易有限公司,无锡
DINGYUAN金属材料有限公司,无锡丽人民海洋贸易有限公
司,无锡国联实业科技有限公司,XINYU贸易有限公司,扬州
LONGCHUAN钢管有限公司,博贸有限公司,以及YIZHENG
HAITIAN贸易有限公司,

              被告.

-------------------------------------------------- X

本人顾洁娜,现依照《美国法典》第28卷第1746条作出如下声明:

    1.    本人是江苏百嘉国际货运代理有限公司("百嘉货代")的跨欧业务经理。受原告,
即Plamar Navigation Ltd. ("Plamar") 的管理公司 Bulcom Ltd. ("Bulcom") 于
2007年8月委托代表其作为货运代理,帮助其代理特长杆货物的运抵、货物转运以上
述多张提单项下货物的代理,现正于今天代表百嘉货代了解,并出庭作声明。

    2.    为了本次作证,Bulcom指定我在使用电子格式提单后,我就该行为以及有关
这些提单到达和格式,有电子拷贝或原件,因为我们被或特别到有能力进行作证申报可以.

3. 当我初次在本次案件中听人知道 Plamar 与鑫鑫（香港）国际贸易有限公司（"鑫鑫（东亚）"）人称"天津鑫鑫"）于 2007 年 9 月 28 日签订的 保税部转认买书，被申人曾出提供有一份时，我组我们查找单签署之后和提单签署曾经发现以便得 保税部认买书。

4. 当我向我尽问我代公司去向的管理部门了一般程会与若等有 保税部认买书 储存为止，是见《认尽争认买》的格式和当时实际存否以买外，包如上述提到的条款条人之在海一份《保税部转认买书》中理会出现。但尽用的具体数据可能会有所不同。大质代理度的我管理买书 中买作的程以更然人物记处就代公司已实地本时以买处见。出到了 Plamar 与人连鑫鑫之问《保税部转认买书》条款。正如之如确认起，我们成是在正找到此份 《保税部转认买书》。

5. 我不可此谷相信记尽查点时，答即我将来到此司法律下关于作假证的见处。

今日日期：2009 年 9 月 25 日



2