UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
PLAMAR NAVIGATION LTD.,                                  :
                                                         :
                Plaintiff,                               :   09-cv-5447 (SHS)
                                                         :
        -against-                                        :
                                                         :
TIANJIN SHENGJIA SHIPPING CO., LTD. a/k/a SHENGJZA       :
(HONG KONG) SHIPPING AND TRADING CO., LTD.,              :   **SECOND**
CHANGSHU NEW CHANGGANG TRADE CO. LTD.,                   :   **DECLARATION OF**
HANGZHOU HEAVY STEEL PIPE CO. LTD.,                      :   **YANG GUOXIAN**
HENGYANG STEEL TUBE GROUP INT'L TRADING INC.,            :
HUBEI XIN YEGANG CO., LTD. a/k/a HUBEI XIN YEGANG        :
STEEL CO. LTD.,                                          :
JIANGSU CHANGSHU MARINE SHIPPING AGENCY CO. LTD.,        :
JIANGSU LIHUI IRON AND STEEL CO., LTD.,                  :
JIANGSU PROS.A INT'L CO. LTD.,                           :
JIANGYIN XINGCHENG SPECIAL STEEL WORKS CO., LTD.,        :
KUGLER HAAS,                                             :
LALANI STEEL INC.,                                       :
FASTEN BLOC SHANGHAI IMP. AND EXP. CO., LTD.,            :
FASTEN GROUP IMP. AND EXP. CO. LTD.,                     :
SUZHOU HUASHENG IMP. AND EXP. CO., LTD.,                 :
SUZHOU SEAMLESS STEEL TUBE WORKS,                        :
VICTORY LOGISTICS INT'L CO., LTD.,                       :
WUXI DINGYUAN PRECISION COLD DRAWN STEEL PIPE CO.        :
LTD.,                                                    :
WUXI TIAN LIANG FOREIGN TRADE CO. LTD.,                  :
XIGANG SEAMLESS STEEL TUBE CO. LTD.,                     :
XINYU IRON AND STEEL CORP. LTD.,                         :
YANGZHOU LONGCHUAN STEEL TUBE CO., LTD.,                 :
YIEH CORPORATION LTD. and                                :
YIZHENG HAITIAN ALUMINUM INDUSTRIAL CO., LTD.,           :
                                                         :
                Defendants.                              :
------------------------------------------------------------------------ X



I, YANG GUOXIAN, make the following Declaration, pursuant to 28 U.S.C. § 1746:

    1.    I am the Deputy General Manager of Shanghai Fareast Int'l Shipping Co., Ltd. ("Shanghai Fareast"), the shipping agent of two of the Defendants in this action. Shanghai Fareast was fully responsible for arranging for the following companies' shipment of cargo

aboard the M/V Temira in 2007 (the "Shipments"): (1) Hubei Xin Yegang Co., Ltd. a/k/a Hubei Xin Yegang Steel Co., Ltd. ("Hubei"), and (2) Yieh Corporation Ltd ("Yieh", together with Hubei, the "Shippers"). I make this declaration based on my personal knowledge of the matters described herein.

2. I read, write, and understand English sufficiently to make this declaration in English.

3. In keeping with our normal practice and, I believe, the normal practice of the shipping agents generally, Shanghai Fareast checked the information on the bills of lading issued by the agent for Plamar Navigation Ltd. ("Plamar"), such as name of the shipper, name of the consignee, name of the vessel, port of loading, port of discharge, as well as description of goods, immediately upon receiving such bills of lading. I did not observe anything special about these bills of lading either at that time, or at present.



4. It is not our understanding that, nor was it ever suggested to us that the 28 September 2007 Fixture Note entered into by and between Plamar and Shengjia (Hong Kong) Shipping and Trading Co., Ltd. ("Shengjia (Hong Kong)" a/k/a "Tianjin Shengjia") was incorporated by reference to the bills of lading. It is customary, when a particular fixture note is intended to be incorporated, that such fixture note is explicitly identified on the face of the bills of lading and that express consent to such incorporation is obtained from the shippers and other interested parties. That was not done in this instance. Furthermore, we were not presented with a copy of the foregoing fixture note at or before the time the bills of lading were issued.

5. It is common, whenever we and other shipping agents charter a vessel from the charterer/subcharterer, to enter into a fixture note with the charterer/subcharterer. Such fixture notes are usually similar in form and content. For instance, such fixture notes usually include a

term about the detention rates, although the actual rates may vary from one the other. The mere similarity among the various fixture notes in this case does not suggest, therefore, that the shipping agents had actual or constructive notice of the terms of the head fixture note between Plamar and Tianjin. As stated earlier, we did not have such notice.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 25, 2009


