USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PLAMAR NAVIGATION LTD.,

                       Plaintiff,

   -against-

TIANJIN SHENGJIA SHIPPING CO., LTD. et al,

                       Defendants.
---------------------------------------------------------------x

09 Civ. 5447 (SHS)

ORDER

SIDNEY H. STEIN, U.S. District Judge.

On October 29, 2009, the Court ordered plaintiff to show cause why the Order of Maritime Attachment and Garnishment in this action should not be vacated as to all remaining defendants and any funds attached pursuant to that Order of Maritime Attachment released. In response, plaintiff contends that the Order of Maritime Attachment is valid and the funds should not be released because, (1) contrary to the U.S. Court of Appeals for the Second Circuit's holding in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), New York state law permits attachment of electronic funds transfers ("EFTs"); (2) the attached funds were not EFTs at the time the funds were attached because the garnishee banks held them in segregated accounts; and (3) the Court should not give *Jaldhi* retroactive effect. These arguments are unavailing.

The Second Circuit held in *Jaldhi* that "[b]ecause EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under [Supplemental Maritime] Rule B." 585 F.3d at 71. This is the law in this Circuit. Thus, EFTs are no longer attachable property, regardless of plaintiff's contention to the contrary. Similarly, the restrained funds remained within the scope

of the holding in *Jaldhi* even once the garnishee banks transferred the funds into a separate account. Mere re-labeling of the funds does not change their origin; as we learned in *Jaldhi*, EFTs are not subject to attachment. Finally, the Second Circuit recently determined that its holding in *Jaldhi* applies retroactively. *Hawknet, Ltd. v. Overseas Shipping Agencies*, 587 F.3d 127 (2d Cir. 2009). Accordingly, Plamar Navigation's arguments are unavailing and the attached funds must be released.

For the reasons set forth above, IT IS HEREBY ORDERED that the Order of Maritime Attachment and Garnishment in this action dated July 8, 2009 is vacated and the complaint is dismissed without prejudice.

Dated: New York, New York
December 16, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.