UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PLAMAR NAVIGATION LTD.,

                Plaintiff,

         -against-

TIANJIN SHENGJIA SHIPPING CO., LTD., *ET AL.*

                Defendants.
------------------------------------------------------------------x

09 Civ. 5447 (SHS)

MEMORANDUM ORDER

SIDNEY H. STEIN, U.S. District Judge.

    The Court dismissed this maritime action in December 2009 on the grounds that electronic funds transfers are no longer subject to attachment in this Circuit. *See Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). Defendants[1] now ask the Court to use its "inherent power" to award them $386,604.90 in attorneys' fees and costs on the grounds that during the course of this litigation plaintiff Plamar Navigation Ltd. allegedly (1) intentionally withheld material evidence from the Court, (2) made false statements in a sworn affidavit, and (3) attempted to extort a settlement from defendants. For the following reasons, defendants' motion is denied.

    The Court presumes familiarity with the facts and procedural history in this action.

---

[1] For the purposes of this opinion, "defendants" refers to the following parties: Changshu New Changgang Trade Co. Ltd., Hengyang Steel Tube Group Int'l Trading Inc., Hubei Xin Yegang Co., Ltd., Jiangyin Xingcheng Special Steel Works Co., Ltd., Fasten Bloc Shanghai Imp. and Exp. Co., Ltd., Fasten Group Imp. and Exp. Co. Ltd., Suzhou Seamless Steel Tube Works, Wuxi Tian Liang Foreign Trade Co. Ltd., Xigang Seamless Steel Tube Co. Ltd., and Yieh Corporation Ltd.

1

I.  **DISCUSSION**

A.  The Standard for an Award of Attorneys' Fees

Defendants seek an award of attorneys' fees and costs pursuant to the Court's "inherent power," commonly known as the "bad faith" exception to the rule against fee shifting. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991); *Revson v. Cinque & Cinque*, 221 F.3d 71, 79 (2d Cir. 2000). A finding of bad faith, which is a prerequisite to a fee award in these circumstances, requires clear evidence that the challenged actions (1) "are entirely without color" and (2) were taken "for reasons of harassment or delay or for other improper purposes." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) (citation omitted). Because Plamar's request for an Order of Maritime Attachment in this action was not "entirely without color" nor was it made for an improper purpose, the Court denies defendants' motion.

B.  Plamar's Bad Faith Has Not Been Established

Here, defendants allege that Plamar fraudulently obtained an *ex parte* Order of Maritime Attachment by withholding material evidence from the Court. The evidence at issue is that the Italian Coast Guard detained Plamar's ship, the M/V TEMIRA, on January 28, 2008—for reasons unrelated to the cargo unloading difficulties alleged in this action—and did not release it until May 16, 2008. (Defs.' Mem. of Law at 10; Exs. D, F to Decl. of Carl W. Oberdier dated Apr. 27, 2010.) According to defendants, Plamar acted in bad faith in bringing this action because the three-month delay before the TEMIRA left the Ravenna port—for which Plamar sought damages from defendants in this action—would have occurred regardless of the alleged cargo unloading difficulties. Additionally, Plamar submitted a declaration from its agent that "had the TEMIRA not been detained at Ravenna due to the cargo discharge issues . . . she would have earned a reasonably similar rate of charter hire on a different fixture at an earlier time." (Decl. of Plamen Dionessiev dated Sept.

2

21, 2009 ¶ 11.) This statement, although technically accurate, was misleading to the extent that Plamar did not apprise the Court that because the Italian Coast Guard had detained the ship, it was not free to leave the port regardless of the cargo unloading difficulties.

The issue currently before this Court is whether Plamar's actions in seeking the attachment and its conduct thereafter were taken in bad faith. Defendants are correct that the Italian Coast Guard's detention of the TEMIRA was material and adverse to Plamar's request for an Order of Maritime Attachment, which was sought based on alleged cargo unloading difficulties. Indeed, as a general rule, if a defendant causes a plaintiff's vessel to be detained at a port, the plaintiff cannot recover damages from the defendant for lost earnings during that detainment if the vessel were required to remain at the port for reasons unrelated to the defendant. *See, e.g., The Pocahontas Eagle Transp. Co. v. United States*, 109 F.2d 929, 932 (2d Cir. 1940); *Clyde S.S. Co. v. City of N.Y.*, 20 F.2d 381, 381 (2d Cir. 1927). However, Plamar had a plausible argument that the amount of damages it could recover from defendant Tianjin Shengjia Shipping Co., Ltd. was governed by the charter party, which specifically provided for detention damages due to cargo unloading issues. And although Plamar's theory of liability as to defendants—namely, that the terms of the charter party were constructively incorporated into the bills of lading—was contrary to governing law, it was not, as defendants assert, "utterly frivolous" (Defs.' Mem. of Law at 12).

Additionally, even assuming that Plamar would have been unable to recover damages for the period of time that the Italian authorities detained the TEMIRA, Plamar still had a colorable claim for relief against defendants. As defendants concede, Plamar could "arguably claim detention damages" for up to nine days—the amount of time between the Italian Coast Guard's release of the vessel on May 16, 2008 and the completion of the cargo unloading on May 26, 2008. (*See* Defs.' Oct. 1, 2009 Letter to Court, Ex. E to Oberdier Decl.) Accordingly, the Italian authorities' detention of the TEMIRA did not render

3

Plamar's request for an attachment "devoid of a legal or factual basis." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999); *see also Sierra Club v. United States Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985) (citation omitted) (emphasis added) ("[A] claim is 'entirely without color' when it lacks *any* legal or factual basis.").

Defendants also allege that Plamar sought to attach defendants' property for the improper purpose of "extort[ing] a settlement from them." (Defs.' Mem. of Law at 13.) Given the arguably colorable claim Plamar had to some amount of damages, the Court does not credit this argument.

In addition to an award of attorneys' fees, one defendant—Yieh Corp.—seeks $11,025.00 in damages against Plamar because, according to Yieh, after this Court vacated the attachment of defendants' property, a non-party garnishee bank wrongfully released that amount of Yieh's funds to a third party, who allegedly refuses to return the money to Yieh. Yieh asserts that it is entitled to damages because this incident would not have occurred if Plamar had not illegitimately attached Yieh's funds. As an initial matter, Yieh fails to provide any factual documentation or legal authority whatsoever in support of its claim. In any event, Yieh's argument is unavailing because Plamar had no control over the actions of the bank or the third party. Moreover, the Court has already determined that Plamar did not act in bad faith. The Court thus denies Yieh's request for damages.

In determining that Plamar did not act in bad faith, the Court is mindful that where, as here, a party proceeds on an *ex parte* basis, it has "a heightened obligation to bring material facts to the attention of the Court, even, and indeed, particularly when they are adverse." *Transfield ER Cape Ltd. v. STX Pan Ocean Co., Ltd.*, 09 Civ. 1250, 2009 WL 691273, at *4 (S.D.N.Y. Mar. 12, 2009). While not condoning Plamar's failure to disclose the Italian Coast Guard detention, the Court does not find that Plamar's conduct during this action evinces the

4

evidence of bad faith necessary to invoke the Court's inherent power to deviate from the general rule against fee-shifting.

## II.   CONCLUSION

For the foregoing reasons, the Court denies defendants' application for attorneys' fees, costs, and damages (Dkt. No. 70).

Dated:  New York, New York
        January 19, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.